05-6875-pr
Belot v. Burge

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2006

(Argued: April 11, 2007        Decided: June 20, 2007
                  Errata Filed: June 28, 2007)

Docket No. 05-6875-pr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JEAN M. BELOT, JR.,

    *Petitioner-Appellant,*

  -v.-

JOHN W. BURGE,

    *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: WINTER, LEVAL, and CABRANES, *Circuit Judges*.

  Petitioner appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to overturn his New York State conviction for Criminal Possession of a Weapon in the Third Degree. The United States District Court for the Southern District of New York (Pauley, J.) denied the petition as untimely. Petitioner argues that the district court should have excused the lateness by equitable tolling. We affirm the judgment of the district court.

          BRIAN SHEPPARD, New Hyde Park, NY, for
          *Petitioner-Appellant.*

BRIDGET RAHILLY STELLER, Chief Assistant District Attorney of Dutchess County (William V. Grady, District Attorney, *on the brief*), Poughkeepsie, NY, for *Respondent-Appellee*.

LEVAL, *Circuit Judge*:

Petitioner Jean M. Belot appeals from the denial by the United States District Court for the Southern District of New York (Pauley, J.), of his petition for writ of habeas corpus, seeking to set aside his New York State conviction for Criminal Possession of a Weapon in the Third Degree. The district court, following the recommendation of Magistrate Judge Michael H. Dolinger, found that the petition was two days late and thus dismissed it as time-barred. *See Belot v. Burge*, No. 03-civ-1478 (S.D.N.Y. Sept. 19, 2005). Belot does not deny that his petition was late, but argues that the district court should have given him the benefit of equitable tolling. We affirm the judgment of the district court.

## BACKGROUND

Belot was indicted in the Supreme Court of New York for second-degree murder and criminal possession of a weapon in the second and third degrees. The jury found him guilty of criminal possession of a weapon in the third degree, and not guilty on the other counts. The court sentenced Belot, as a persistent violent felony offender, to an indeterminate prison term of twenty years to life.

After Belot was unsuccessful in his direct appeal, he filed a motion under New York Criminal Procedure Law § 440.10 to vacate his judgment on March 30, 2001. That same day he executed his first petition under 28 U.S.C. § 2254. On July 30, 2001, Belot moved to withdraw

2

the petition in order to exhaust remedies in the State courts. Magistrate Judge Mark D. Fox issued an order dismissing the petition without prejudice. *See Belot v. Walker*, No. 01-civ-3433 (S.D.N.Y. Mar. 8, 2002). In that order, Judge Fox provided a chronology of relevant dates and events to help Belot calculate how many days remained before expiration of his one-year limitation period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.[1] *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The order advised Belot that "[t]otal elapsed time is 266 days,

---

[1] Judge Fox's order stated the following:

| | |
|---|---|
| 11/1/99 | New York Court of Appeals denies leave to appeal. |
| 1/30/00 | 90 days to seek certiorari from U.S. Supreme Court lapses; one-year limitation commences. *Acosta v. Artuz*, 221 F.3d 117, 120 (2d Cir. 2000). |
| 8/23/00 | Petitioner files *coram nobis* application in Appellate Division to raise claim of ineffective assistance of appellate counsel; 206 days have elapsed; tolling begins. *Clark v. Stinson*, 214 F.3d 315, 319 (2d Cir. 2000). |
| 1/29/01 | Appellate Division denies *coram nobis* application; tolling ends. |
| 3/30/01 | Petitioner notarizes § 440.10 application to the state trial court; 60 days have elapsed; tolling begins. |
| 4/10/01 | Petitioner's habeas petition is received in this court . . . . |

Conclusion: Total elapsed time is 266 days, which means that petitioner has 99 days in which to file his new petition following the exhaustion of state remedies.

Petitioner is hereby alerted to what should be obvious. To eliminate a challenge to the new petition's timeliness, Petitioner should commence the new suit in this Court by insuring that the papers arrive at this Court prior to the expiration of the 99-day time period.

*Belot v. Walker*, No. 01-civ-3433, at *3-4 (S.D.N.Y. Mar. 8, 2002) (footnote omitted).

which means that petitioner has 99 days in which to file his new petition following the exhaustion of state remedies." *Belot*, No. 01-civ-3433, at *3. Belot replied by letter: "Petitioner takes notice of the total elapsed time of 266 days, which the Court considerately totaled for the petitioner. Petitioner is informed that he has 99 days in which to file the petition once state remedies are exhausted."

After Magistrate Judge Fox issued his order, Belot's § 440.10 application remained pending in state court, further tolling the limitation period for the filing of the federal petition. In a decision and order dated June 23, 2002, the County Court of Dutchess County denied the § 440.10 motion. The New York State Supreme Court, Appellate Division, Second Judicial Department denied Belot's application for leave to appeal the denial on September 18, 2002. At that point, his limitation period began again to run. According to Magistrate Judge Fox's calculation, Belot had until December 27, 2002, to file his petition. He filed his petition on January 2, 2003. When he filed his new petition, it was assigned to Magistrate Judge Michael H. Dolinger. Magistrate Judge Dolinger disagreed with Magistrate Judge Fox's calculation. Under Magistrate Judge Dolinger's calculation, Belot had until December 31, 2002, to file his petition. Thus under either calculation, Belot's petition was untimely.

Belot does not dispute that his petition was untimely. He argues instead that he should be excused under the doctrine of equitable tolling because the Auburn Correctional Facility, where he was incarcerated at the time of his filing, was under a lockdown from December 17, 2002, to December 23, 2002, and as a result, he was denied access to the law library. He claims he was therefore unable to complete the final version of his petition. Because he believed his petition

4

was due by December 27, 2002, Belot had requested and been granted Special Access to the prison law library for several days in December, permitting him to use the library for longer hours than otherwise would have been the case. As a result of the lockdown, however, Belot alleges that his access to the library was very substantially diminished until December 28, 2002.[2] Believing that he would not be able to meet his December 27, 2002 deadline, Belot wrote a letter to the *Pro Se* Clerk of the district court on December 26, 2002, saying that his petition would be delayed due to the lockdown and asking for an extension. The court never acted on this request. As noted, he filed his petition on January 2, 2003.

Magistrate Judge Dolinger rejected Belot's claim of entitlement to equitable tolling. *See Belot v. Burge*, No. 03-civ-1478 (S.D.N.Y. Jul. 14, 2005). The magistrate judge gave two grounds. First, lockdowns were sufficiently routine that they did not qualify as an "extraordinary circumstance" necessary to justify equitable tolling; and second, notwithstanding the lockdown, Belot could have filed "an unpolished – but timely – petition," *id*. at *19, and, in any event,

---

[2] This was confirmed by a letter written by a Law Library Officer:

> A check of our records show[s] that Inmate Belot was granted Special Access to the Law Library during the month of December, 2002, but that Access was delayed due to a security shut-down of the entire facility operations.

> As per Facility Policy and Procedure, an inmate is granted Special Access for periods of five (5) days upon each request. That Access did not begin until December 27, 2002, when facility operations returned to normal.

> After the facility was reopened, Inmate Belot was then scheduled for Special Access from December 28, 2002 through January 4, 2003.

knowing that he had approximately 99 days from the conclusion of his collateral appeal to file his petition, Belot should not have waited so long to work on his petition. Accordingly, the magistrate judge recommended the dismissal of the petition as time-barred, and the district court ruled accordingly.

## DISCUSSION

We have held that "in rare and exceptional circumstances a petitioner may invoke the courts' power to equitably toll the limitations period." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quotation marks omitted). "To qualify for such treatment, the petitioner must establish that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." *Id*. (quotation marks omitted).

A threshold question is what standard of review we should apply when reviewing a district court's denial of equitable tolling as to a petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. In *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003), we reviewed the district court's finding of fact for clear error and applied *de novo* review to the district court's analysis of a controlling legal question. *Id*. at 151. That case, however, did not involve our circumstances, where the district court denied equitable tolling not as a matter of law, but as an exercise of its discretion. We decide this as a matter of first impression in our Circuit.

Other circuits are divided on the applicable standard of review for equitable tolling determinations under AEDPA of questions other than findings of fact. Some circuits have held

that when the facts are undisputed, the district court's decision on equitable tolling is reviewed *de novo*. *See Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005) (Alito, J.) (noting but not holding that "we are inclined to believe that where, as here, the relevant facts are not disputed, a District Court's decision on the question whether a case is sufficiently 'extraordinary' to justify equitable tolling should be reviewed *de novo*.");[3] *Wade v. Battle*, 379 F.3d 1254, 1264 n.11 (11th Cir. 2004) ("We review *de novo* a district court's decision on equitable tolling."); *Dunlap v. United States*, 250 F.3d 1001, 1007 n.2 (6th Cir. 2001) ("In this Circuit, we hold that where the facts are undisputed *or* the district court rules as a matter of law that equitable tolling is unavailable, we apply the *de novo* standard of review to a district court's refusal to apply the doctrine of equitable tolling; in all other cases, we apply the abuse of discretion standard." (emphasis added)); *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999) ("[W]here, as here, the facts are undisputed as to the question of equitable tolling, we review *de novo* . . . .").

Other circuits have held that the district court's decision on equitable tolling is reviewed for an abuse of discretion. *See Cordle v. Guarino*, 428 F.3d 46, 47 (1st Cir. 2005) ("We review

---

[3] In *Brinson*, the court explained its reason for finding *de novo* review to be the appropriate standard:

> First, a District Court does not have any comparative advantage in deciding whether particular circumstances are extraordinary enough to warrant the application of the doctrine. Second, reversal of a District Court's ruling on this issue will not lead to a retrial or any other comparably burdensome proceedings. Third, de novo review leads to greater uniformity in the application of the doctrine and better serves the goal of ensuring that the doctrine is indeed used "sparingly" and is not employed to upset the strong concern for finality embodied in 28 U.S.C. § 2254.

*Brinson*, 398 F.3d at 231.

the district court's decision regarding equitable tolling in this habeas case for abuse of discretion."); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) ("[W]e review the district court's decision on equitable tolling of the limitation period for an abuse of discretion.").

Several Circuits, however, take a third approach and provide for *de novo* review when the district court denies equitable tolling as a matter of law, and abuse of discretion in other circumstances where the court's decision is based on exercise of discretion. *See Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) ("[W]here the relevant facts are undisputed *and* the district court denied equitable tolling as a matter of law, we review the district court's decision *de novo*. In all other circumstances, we review the denial of equitable tolling for an abuse of discretion." (emphasis added)); *United States v. Saro*, 252 F.3d 449, 455 n.9 (D.C. Cir. 2001) ("We have examined whether the court was 'correct,' rather than whether it 'abused its discretion,' because we employ de novo review when a district court holds - as the court appears to have done here - that the facts cannot justify equitable tolling as a matter of law."); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (reviewing a district court's denial of equitable tolling for abuse of discretion but noting that *de novo* review applies where district court denies equitable tolling as a matter of law); *cf. Jihad v. Hvass*, 267 F.3d 803, 806 n.3 (8th Cir. 2001) (ruling that in a case where the district court denied equitable tolling as a matter of law, "we have reviewed its ruling *de novo*.").

We believe that the appropriate standard of review depends on the aspect of the decision which is under review. A rule of law that gives the court discretion to grant an *equitable* exception in *extraordinary* circumstances seems almost inherently to invite the court's discretion in applying these standards. The balancing of factors involved in determining what result is

equitable and the appraisal of whether the circumstances are sufficiently extraordinary seem to contemplate that in the same set of facts, different results could be acceptable. In such circumstances, courts often say that appellate review is for "abuse of discretion." *See, e.g.*, *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 664 (2004) ("This Court, like other appellate courts, has always applied the abuse of discretion standard on review of a preliminary injunction.") (internal citations omitted); *Columbia Pictures Industries, Inc. v. American Broadcasting Cos.*, 501 F.2d 894, 897 (2d Cir. 1974) ("[W]hile another judge might have arrived at a different result, we cannot say that this result constitutes an abuse of the wide discretion normally accorded a district court on the issue of preliminary relief."). But that label in a way obscures more than it reveals. The operative review standard in the end will depend on what aspect of the lower court's decision is challenged. If a district court denies equitable tolling on the belief that the decision was compelled by law, that the governing legal standards would not permit equitable tolling in the circumstances – that aspect of the decision should be reviewed *de novo*. If the decision to deny tolling was premised on an incorrect or inaccurate view of what the law requires, the decision should not stand. Courts generally in such circumstances state that application of an incorrect standard of law is an "abuse of discretion." *See, e.g.*, *Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law."). Considering a second aspect, if the decision to deny tolling was premised on a factual finding, the factual finding should be reviewed for clear error. Finally, if the court has understood the governing law correctly, and has based its decision on findings of fact which were supported by the evidence, but the challenge is addressed to whether the court's

decision is one of those within the range of possible permissible decisions, then appellate review will be, not only in name, but also in operation, for abuse of discretion. The reviewing court will recognize that in theory the lower court has numerous options open to it and its decision must be sustained unless the particular facts and circumstances are such as to make the particular decision an abuse of discretion. *See Zervos v. Verizon N.Y. Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). These three distinct potential aspects of a decision and the concomitant types of review are collected under the label "abuse of discretion." *See, e.g.*, *Koon*, 518 U.S. at 100 ("The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.").[4]

Our holding today is consistent with our precedent in *Baldayaque*. In that case, the district court ruled as a matter of law that Second Circuit precedent precluded it from applying equitable tolling where the "extraordinary circumstances" claimed were a result of malfeasance by the petitioner's attorney. *Baldayaque*, 338 F.3d at 151. We ruled that, where the district court denies equitable tolling as a matter of law, the denial should be reviewed *de novo*. *Id*.

In this case, the magistrate judge's recommendation, which the district court adopted, was based on two grounds – one of which was discretionary, the other arguably a matter of law. The discretionary ground was that the petitioner ought reasonably to have begun his preparation

---

[4] The Supreme Court in *Koon* also said "[t]hat a departure decision, in an occasional case, may call for a legal determination does not mean, as a consequence, that parts of the review must be labeled *de novo* while other parts are labeled an abuse of discretion." *Koon*, 518 U.S. at 100. Since the Court also held that "[a] district court by definition abuses its discretion when it makes an error of law," *id.*, we do not believe that the Court meant that issues of law are addressed other than *de novo*, just that in recognizing the different aspects of a decision, the overall standard of review is for "abuse of discretion."

earlier and filed "an unpolished – but timely – petition" rather than "wait[] to file his [more polished] petition until the week that the deadline expired." *Belot v. Burge*, No. 03-civ-1478, at *19 (S.D.N.Y. Jul. 14, 2005). The court's other reason was that temporary lockdowns are sufficiently routine that they do not, as a matter of law, justify a finding of an "extraordinary circumstance," which is a necessary predicate for equitable tolling. *Id*. at *17.

We review the discretionary ground for abuse of discretion and find that this decision was within the district court's reasonable discretionary parameters. We recognize that in *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000), our court said in dictum that the petitioner was not ineligible for equitable tolling "simply because he waited until late in the limitations period to file his habeas petition." *Id*. at 136. We went on to say that "[a] petitioner should not be faulted . . . for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period." *Id*. We understand this to mean that the petitioner was not ineligible, *as a matter of law*, for equitable tolling because the petitioner waited until late in the limitations period. It did not mean that a district court may never take such timing into consideration. It was not error for the district court to make a discretionary assessment that Belot ought to have started his preparation earlier and filed an unpolished petition within the allotted time, rather than wait to file until after the deadline had expired.

Because we believe this first ground was within the court's reasonable discretion, we do not reach the district court's alternative ground that a prison lockdown could not qualify as an extraordinary circumstance warranting equitable tolling.

11

## CONCLUSION

The judgment of the district court is hereby affirmed.