07-1948-pr
*Saunders v. Senkowski*

UNITED STATES COURT OF APPEALS<br>
FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: March 4, 2009)                                     Decided: November 24, 2009)

Docket No. 07-1948-pr

―――――――――――――――――――――――

NATHAN SAUNDERS,

*Petitioner-Appellant*,

―v.―

DANIEL SENKOWSKI,

*Respondent-Appellee.*

―――――――――――――――――――――――

Before:      PARKER, *Circuit Judge*, and HAIGHT, *Judge.*[*]

―――――――――――――――――――――――

Petitioner Nathan Saunders appeals from the district court's order dismissing his petition for a writ of habeas corpus as untimely. Because we find the petition untimely upon our *de novo* review, we hold that the district court did not err in dismissing the petition. We further hold that the district court acted within its discretion in denying equitable tolling. Affirmed.

> FREDERICK RENCH, Clifton Park, New York (Stephanie J. Batcheller, Albany, New York, *on the brief*) *for Petitioner-Appellant Nathan Saunders.*

---

[*] The Honorable Charles S. Haight, Jr., District Judge of the United States District Court for the Southern District of New York, sitting by designation. The Honorable Sonia Sotomayor, originally a member of this panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have decided this appeal. *See* 28 U.S.C. § 46(d); Local Rule 0.14(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

1

LEILANI RODRIGUEZ, Office of the New York State Attorney General (Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters; and Alyson J. Gill, Assistant Attorney General, of Counsel, *on the brief*), *for Respondent-Appellee Daniel Senkowski*

PER CURIAM:

Petitioner Nathan Saunders seeks review of an order of the United States District Court for the Northern District of New York (Kahn, *J.*), dismissing his petition for a writ of habeas corpus as untimely. The petition, filed pursuant to 28 U.S.C. § 2254, challenged Saunders's New York State conviction for two counts each of Kidnapping in the First Degree and Endangering the Welfare of a Child, and one count each of Kidnapping in the Second Degree, Assault in the Second Degree, Escape in the Second Degree, and Unlawful Imprisonment in the First Degree. Upon dismissing the petition, the district court *sua sponte* issued a certificate of appealability on the issue of whether equitable tolling should apply to Saunders's case. We amended the certificate to include the antecedent issue of whether the petition was timely. Upon *de novo* review, we find no error in the district court's determination that the petition was untimely, and hold that the district court did not abuse its discretion in denying equitable tolling. Affirmed.

## BACKGROUND

The following facts are not in dispute. Saunders was convicted in Albany County Court of several counts of kidnapping, endangering the welfare of a child, escape, and assault in violation of New York State law arising from an incident that occurred while he was an inmate at the Hudson Correctional Facility in Columbia County, New York. In the morning of August 29,

2

1994, Saunders walked away from his work detail at the Department of Correctional Services Training Academy in Albany, New York, without permission and taking a knife, and went to the home of Passion Jones, his fifteen-year-old ex-girlfriend and mother of his child. He assaulted Jones and held her, their eight-month-old baby, and Jones's mother hostage. The police were called, and a fifteen-hour standoff ensued. Saunders eventually fell asleep, and the police stormed the apartment, rescued the hostages, and captured Saunders. As a result of those events, Saunders was indicted and convicted of the charges listed above. He was sentenced on July 25, 1995 to a term of twenty-nine years to life in prison.

Saunders appealed his conviction to the New York State Appellate Division, Third Department, raising six arguments: 1) the conviction for kidnapping in the first degree was against the weight of the evidence; 2) prosecutorial misconduct based on an alleged failure to turn over certain photographic evidence and allegedly improper remarks to the jury during voir dire and summation; 3) juror misconduct; 4) that he was not permitted to testify at his grand jury proceedings, and thereby deprived of his right to counsel; 5) the trial court erroneously admitted evidence of his prior criminal history; and 6) that his sentence was unduly harsh and excessive. The Appellate Division affirmed his conviction on May 13, 1999, but agreed that the sentence was excessive and reduced it to twenty years to life. *People v. Saunders*, 261 A.D.2d 718, 722 (3d Dept. 1999). The New York State Court of Appeals on November 18, 1999 denied Saunders's application for leave to appeal. *People v. Saunders*, 94 N.Y.2d 829, 829 (1999).

On February 13, 2001, almost a year and three months after the New York Court of Appeals's denial of leave to appeal, Saunders filed with the Albany County Court a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10. On May 30,

3

2001, the County Court denied the § 440.10 motion, but granted permission to appeal that denial to the Appellate Division. On January 23, 2003, the Appellate Division affirmed the County Court's denial of Saunders's § 440.10 motion. Saunders sought permission to appeal the denial of his § 440.10 motion to the New York Court of Appeals, but permission was denied by order dated May 20, 2003. *People v. Saunders*, 100 N.Y.2d 542, 542 (2003). Notice of the order was sent to Saunders by mail, and he contends that he did not receive the notice until May 27, 2003.

On May 27, 2003, the same day that he claims to have received the notice of the final state court decision regarding his § 440.10 motion, Saunders, represented by counsel, filed a petition for a writ of habeas corpus with the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 2254, alleging (1) that he was denied the effective assistance of counsel during the grand jury proceeding and (2) that information about his prior criminal history had been admitted into evidence in violation of his right to due process. The district court directed Saunders to file an Amended Petition so that the court could determine whether Saunders's petition had been timely filed, which Saunders did on July 9, 2003. The respondent on September 15, 2003 submitted filings in opposition to Saunders's petition. On December 19, 2006, the court referred the matter to Magistrate Judge Bianchini for a Report and Recommendation ("R&R").

The magistrate's R&R of March 8, 2007 recommended that the petition be dismissed as untimely, finding that the statute of limitations expired on May 23, 2003, four days before Saunders filed his habeas petition. The R&R noted that Saunders, "through his attorney, essentially concede[d] that the Petition is time barred," but sought equitable tolling, and recommended against such tolling. Saunders filed objections to the R&R in which he argued that

4

the petition was not time-barred, and, in the alternative, argued that equitable tolling should apply to his case. The district court adopted the R&R in full and dismissed the petition pursuant to 28 U.S.C. § 2254(d)(1). The district court *sua sponte* granted a certificate of appealability "for the limited purpose of determining whether equitable tolling is appropriate under the facts presented in the case at bar—since the Report and Recommendation did not reach or consider the merits of this case."

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), established a one-year statute of limitations for the filing of petitions for writs of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitations period begins running on the latest of several events, in this case, the date upon which the challenged state court conviction became final. 28 U.S.C. § 2244(d)(1)(A). The district court found that in Saunders's case, the statute of limitations expired four days prior to the filing of his petition for a writ of habeas corpus. On appeal, the plaintiff presents two main arguments: (1) the district court erred in finding his habeas petition untimely; and, (2) if the petition was untimely, the district court erred in refusing to equitably toll the statute of limitations. We affirm the district court's decisions on both points.

I.      **Timeliness of the petition**

This Court reviews the denial of a writ of habeas corpus *de novo*, but is bound by the district court's findings of fact unless they are clearly erroneous. *Cook v. N.Y. State Div. Of Parole*, 321 F.3d 274, 277 (2d Cir. 2003). The determination of whether a limitations period has

expired, based on undisputed facts, is a question of law. *United States v. Alessi*, 599 F.2d 513, 515 (2d Cir. 1979).

### A. Certificate of Appealability

In this case, the district court granted a certificate of appealability "for the limited purpose of determining whether equitable tolling is appropriate under the facts presented in the case at bar— since the Report and Recommendation did not reach the merits of this case." *Saunders v. Senkowski*, No. 03-CV-0660, 2007 WL 1017310, at *6 (N.D.N.Y. March 30, 2007). The Government argues that this Court may not review the timeliness of the habeas petition because it is outside the scope of the certificate granted by the district court. But whether the petition is timely is a question antecedent to the question of whether equitable tolling is appropriate, and Saunders on appeal has challenged the district court's determination that the petition was not timely. We therefore construe his notice of appeal as a request to amend the certificate of appealability to reach the issue of the timeliness of the petition, and we grant that request. *See Smaldone v. Senkowski*, 273 F.3d 133, 135-36 (2d Cir. 2001) (amending certificate of appealability to reach issue of timeliness, where certificate was granted only on issue of equitable tolling); Fed. R. App. P. 22(b)(2) (authorizing the court of appeals to construe a Notice of Appeal as a request for a certificate of appealability).

### B. The District Court's Calculations

The district court considered the limitations period to begin running upon the expiration of the 90-day period during which Saunders could have filed for direct review of his conviction, pursuant to this Court's decision in *Williams v. Artuz*, 237 F.3d 147 (2d Cir. 2001), which held that "direct review" of a state criminal conviction includes review by the Supreme Court of the

United States and "that the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari." *Id.* at 151. The court thus concluded that the limitations period began to run on February 16, 2000, 90 days after the New York State Court of Appeals denied leave to appeal on November 18, 1999. The limitations period would have expired on February 16, 2001, but Saunders on February 13, 2001 filed a motion in state court pursuant to New York Criminal Procedure Law § 440.10, which had the effect of tolling the limitations period until the New York Court of Appeals denied the motion and denied leave to appeal its denial of the motion, on May 20, 2003. The limitations period then began running again, according to the district court, and expired on May 23, 2003, four days before Saunders filed his petition for habeas corpus.

### C.     Mandatory Tolling

### 1. The thirty-day window for filing a motion for reconsideration

Saunders argues that his petition was timely filed because the limitations period for his petition for habeas corpus should have been tolled for the thirty-day period during which he could have filed a motion for reconsideration of denial of leave to appeal his post-conviction challenge, even though he did not actually file such a motion. We reject this argument.

The AEDPA one-year statute of limitations begins to run, as relevant in this case, on the date on which Saunders's state conviction became final. 28 U.S.C. § 2244(d)(1)(A). The statute provides that the limitations period shall be tolled for the time "during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim *is pending*." 28 U.S.C. § 2244(d)(2) (emphasis added). It is clear from the statutory language that the possibility of filing an application for post-conviction relief is not

7

enough to toll the limitations period; instead, an application must be "properly filed" and "pending." *Id.*

We have previously held that a state court petition "is 'pending' from the time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999). In *Bennett*, we held that a § 440.10 motion is "pending" for purposes of AEDPA at least from the time it is filed through the time in which the petitioner could file an application for a certificate for leave to appeal the Appellate Division's denial of the motion. *Id.* *Bennett* did not address whether the § 440.10 motion should also be considered to be "pending" during the time in which a petitioner could—but did not—file a motion for reconsideration of the state court's denial of the § 440.10 motion, and we have found no other case addressing this issue.

In *Geraci v. Senkowski*, 211 F.3d 6 (2d Cir. 2000), we held that a *coram nobis* petition ceases to be pending on the date it is denied by the Appellate Division because "[w]ith the filing of the Appellate Division's *coram nobis* order, the door of the New York Court of Appeals [is] closed and further appellate review unavailable."[1] *Id.* at 9. That decision suggests, but does not expressly hold, that the post-conviction motion would not be considered "pending" during the thirty days in which the petitioner could have filed, but did not file, a motion for reconsideration. The Court came closer to addressing this issue in *Hizbullahankhamon v. Walker*, in which we considered *arguendo* whether the existence of a thirty-day period during which a motion for reconsideration could be filed meant that a *coram nobis* petition should be considered "pending"

---

[1]     At the time that *Geraci* was decided, New York law prohibited the appeal of *coram nobis* petitions to the Court of Appeals. On November 1, 2002 such appeals were authorized by new legislation. *See* N.Y. Crim. Proc. Law § 450.90(1).

8

for an additional thirty days after it was denied. 255 F.3d 65, 74 (2d Cir. 2001). We ultimately determined it was not necessary to answer that question, but noted in dicta that a decision that the petition was still "pending" during that period would "be in some tension with our holding in *Geraci* that a *coram nobis* motion ceases to be pending on the date it is denied by the Appellate Division." *Id.* at 74 n.8 (quoting *Geraci*, 211 F.3d at 9).

Similarly, we have held that the AEDPA limitations period is not tolled during the time in which a petition for a writ of certiorari to the United States Supreme Court could have been filed with respect to a state collateral motion, *Smaldone,* 273 F.3d at 138, even though the limitations period is tolled during the time in which a defendant could file a petition for certiorari seeking direct review of the state court conviction, *Williams*, 237 F.3d at 151. This is because the timing-related language of 28 U.S.C. § 2244(d)(1)(A) expressly provides that the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*," whereas § 2244(d)(2) provides for tolling only during the time in which "a properly filed application for State post-conviction or other collateral review with respect to a pertinent judgment or claim *is pending*." 28 U.S.C. § 2244(d)(1-2) (emphasis added).

The Tenth Circuit has held that the fifteen-day window for filing a motion for rehearing after the denial of leave to appeal does toll the AEDPA statute of limitations. See *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004). We are persuaded, however, that the language of 28 U.S.C. § 2244(d)(2), as construed by our precedents, compels the conclusion that the one-year AEDPA limitations period is not tolled by the thirty-day period in which the petitioner could have filed, but did not file, a motion for reconsideration of the New York State court's

9

denial of his post-conviction motion under New York Criminal Procedure Law § 440.10.

**2. Service-by-Mail Rules**

Saunders contends that the statute of limitations must be tolled for the five-day period of time allowed by New York law to account for the delay in receiving service by mail. See N.Y. C.P.L.R. § 2103(b)(2). Alternatively, he argues that Fed. R. Civ. P. 6(d) compels tolling, for the same reason. These arguments fail because they are precluded by our holding in *Geraci v. Senkowski*, 211 F.3d 6 (2d Cir. 2000).[2]

We held in *Geraci* that statutory tolling for the purposes of AEDPA ends with the "filing" of the state court's final order, and expressly rejected Geraci's argument that his *coram nobis* petition remained "pending" until he received notice of the state court's order. *Id.* at 9. In *Diaz v. Kelly*, 515 F.3d 149, we affirmed that decision and applied its rule to a significantly longer delay between filing and mailing, of three months. *Id.* at 155 n.2 ("*Geraci* . . . ruled that the statutory tolling provision of the AEDPA limitations period ended upon the entry of a state court's order, rather than its subsequent receipt."). Service-by-mail rules affect the date upon which the order is deemed to have been served, not the date upon which it is considered filed. Because this Court has held that a motion ceases to be "pending" for the purposes of AEDPA on the date of filing, Saunders's argument is without merit.

**II.      Equitable Tolling**

---

[2]Saunders contends that his case is distinguished from *Geraci*, because at the time *Geraci* was decided, New York law prohibited the appeal of *coram nobis* petitions to the Court of Appeals. On November 1, 2002, those appeals were authorized by new legislation. *See* N.Y. Crim. Proc. Law § 450.90(1). However, this does not affect the application of *Geraci* to this case, because a motion for reconsideration was equally as available to the petitioner in *Geraci* as it was to Saunders.

10

The parties disagree as to the standard of review that applies to the district court's decision to deny equitable tolling. In *Belot v. Burge*, 490 F.3d 201 (2d Cir. 2007), this Court established a three-level standard for reviewing a district court's decision not to equitably toll the AEDPA limitations period, depending on what aspect of the lower court's decision is challenged. *Id.* at 206-07. If the decision not to toll is made as a matter of law, then the standard of review is *de novo*. If the decision is based on a factual finding, the standard is clear error. If the court has understood the law correctly, and has based its decision on findings of fact supported by evidence, then the standard is abuse of discretion. *Id.*

There are two requirements for equitably tolling the statute of limitations: "'(1) that [petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Guglielmo*, 544 U.S. 408, 418 (2005)). In this case, the district court gave three reasons in support of its finding that equitable tolling was inappropriate.

The first reason that the district court gave for denying equitable tolling was that the delay in receipt of the order occasioned by it being mailed to petitioner over the Memorial Day weekend did not constitute an "extraordinary circumstance." Petitioner contends that this is a question of law that should be reviewed *de novo*. The magistrate's R&R, adopted by the district court, stated that "[a]s a threshold matter, this Court is unwilling to declare that mail delays occasioned by federal holidays, which occur several times throughout the year, are 'extraordinary.'" *Saunders v. Senkowski*, No. 03-CV-0660, 2007 WL 1017310, at *5 (N.D.N.Y. March 30, 2007). Even if we assume that the district court thus deemed a delay in mailing due to a federal holiday not to constitute an "extraordinary" circumstance as a matter of law, and

11

therefore review *de novo*, we find no error in the district court's conclusion. In *Diaz v. Kelly*, 515 F.3d 149 (2d Cir. 2008), this Court held that a delay in mailing can qualify as an extraordinary circumstance warranting equitable tolling, *id.* at 155–56, but the delay in that case between the filing of the order and its mailing to the petitioner was several months. *Id.* We are aware of no case holding that a delay occasioned by the normal course of the mail, as lengthened by a regularly scheduled holiday, constitutes an "extraordinary" circumstance for purposes of equitable tolling, and we decline to so hold now. We therefore affirm the district court's determination that the delay between the filing of the state court's order and Saunders's receipt of the order did not warrant equitable tolling of the AEDPA statute of limitations.

The district court also gave two other reasons for denying equitable tolling, based on its determination that the petitioner did not diligently pursue his rights: first, that Saunders waited until three days before the expiration of the statute of limitations before filing his state court collateral motion; and second, that he failed to take steps to ensure that he would receive the state court's order as promptly as possible. Because we find that the district court was correct in its determination that the ordinary course of the mail does not constitute an "extraordinary circumstance" for the purposes of equitable tolling, however, we need not determine whether those grounds also would justify denying equitable tolling. Accordingly, we affirm the district court's decision declining to equitably toll the AEDPA statute of limitations.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is AFFIRMED.

12