06-5438-pr
Shabazz v. Filion

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand ten.

PRESENT:   JOSEPH M. McLAUGHLIN,
           REENA RAGGI,
           GERARD E. LYNCH,
                     *Circuit Judges*.

------------------------------------------------------------

RAHEEM SHABAZZ,

                     *Petitioner-Appellant*,

              v.                                    No. 06-5438-pr

GARY H. FILION,

                     *Respondent-Appellee*.

------------------------------------------------------------

FOR APPELLANT:        Stephen Lance Cimino, Esq., Syracuse, New York.

FOR APPELLEE:         Priscilla Steward, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 26, 2006, is AFFIRMED.

Raheem Shabazz is presently serving a prison term of twenty years to life as a persistent felony offender as a result of his 1996 New York State conviction after a jury trial of second degree robbery. See N.Y. Penal Law § 160.10(2)(b). On this appeal, he challenges the dismissal of his 2002 habeas corpus petition for relief from that conviction, arguing that the district court erred in holding the petition untimely under 28 U.S.C. § 2244(d)(1)(D) because Shabazz failed to exercise due diligence in securing a prosecution witness's recantation that was the basis for the petition.[1] Alternatively, Shabazz argues that equitable tolling should excuse his untimely filing.

We review de novo a district court's decision to deny a habeas petition. See Mannix v. Phillips, 619 F.3d 187, 195 (2d Cir. 2010). Where, as here, the district court conducts a hearing and makes factual findings relevant to an assessment of timeliness under a provision

---

[1] The district court had originally concluded that Shabazz's petition was untimely under 28 U.S.C. § 2244(d)(1)(A), which requires that a petition be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." On appeal, we remanded for the district court to determine the timeliness of Shabazz's claim pursuant to 28 U.S.C. § 2244(d)(1)(D), which recognizes a petition as timely if filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See Shabazz v. Filion, No. 02-2642 (Order of July 21, 2003 issued as mandate on Aug. 20, 2003).

2

of § 2244(d), we review those findings for clear error, see id.; Hemstreet v. Greiner, 491 F.3d 84, 89 (2d Cir. 2007), but we ultimately review de novo the legal question of whether those facts demonstrate timeliness, see Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005). Our precedent has not clearly identified whether the exercise of due diligence under § 2244(d)(1)(D) raises a question of law, fact, or both. See, e.g., Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000) (indicating that "the date on which the limitations clock began to tick is a fact-specific issue" that is "appropriately answered by the district court," but noting that petitioner's delay in discovering factual predicate was not so "unreasonable that it plainly appears from the face of [the] petition"). We need not conclusively decide the issue here because even applying the standard of review most favorable to Shabazz, i.e., reviewing the district court's factual findings for clear error, but deciding de novo whether those facts manifest due diligence, we would conclude that his petition is untimely. We review a denial of equitable tolling for abuse of discretion, see Belot v. Burge, 490 F.3d 201, 206-07 (2d Cir. 2007), mindful that such tolling is warranted only in "rare and exceptional circumstances," Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted). In applying these principles, we presume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

1.    Shabazz Failed to Demonstrate Due Diligence

The timeliness of Shabazz's petition depends on his "exercise of due diligence" in discovering the factual predicate for his claim. 28 U.S.C. § 2244(d)(1)(D). Shabazz

concedes that the burden of demonstrating due diligence rests with petitioner. See, e.g., Johnson v. United States, 544 U.S. 295, 311 (2005) (indicating that, where factual predicate for habeas claim was in existence for some time, petitioner had obligation to explain why he did not take action to discover predicate earlier). The factual predicate for Shabazz's petition is two-fold: (1) 18-year old prosecution witness Michael Shackett, the son of petitioner's girlfriend Barbara Shackett, purportedly lied when he testified at trial that he found a black pellet gun in the trunk of Shabazz's car a few days after petitioner was arrested for the robbery at issue; and (2) in a January 2, 2001 affidavit, Michael Shackett stated that "there was no gun" and that he had falsely testified to that effect because of coercion from the prosecution. The second fact, Michael Shackett's recantation, provides the requisite basis for Shabazz's habeas claim and, therefore, properly controls calculation of the one-year limitations period under § 2244(d)(1)(D).[2] The first fact, however, is important to assessing whether Shabazz exercised due diligence because petitioner's knowledge of that fact

___

[2] The district court determined that Shabazz was required to show that he could not, with reasonable diligence, have learned of Michael Shackett's willingness to recant prior to October 28, 2000. Thirty-six days elapsed between the date that Shabazz received Michael Shackett's affidavit (January 6, 2001) and when he filed a N.Y. Crim. P. Law § 440.10 motion in state court (February 12, 2001). The statute of limitations was tolled until the date that the Appellate Division denied Shabazz leave to appeal the trial court's denial of his § 440.10 motion (October 23, 2001). The limitations clock ran for an additional 259 days until Shabazz's habeas petition was deemed filed (July 10, 2002). Thus, from the date that Shabazz received Michael Shackett's affidavit until he filed his habeas petition, a total of 295 days elapsed, leaving seventy days remaining on the one-year limitations period. Counting back seventy days from January 6, 2001, yields October 28, 2000. Shabazz does not dispute the district court's calculations.

precludes him from claiming that he had no reason to investigate Michael Shackett's willingness to recant his trial testimony prior to receiving the affidavit in January 2001.

At the evidentiary hearing held upon remand, Shabazz's testimony established that in the four years between his trial and the filing of his habeas petition, he made absolutely no effort to contact Michael Shackett, directly or through intermediaries, much less to secure his recantation. We do not here suggest that defendants must, as a matter of course, regularly solicit recantations to demonstrate due diligence under § 2244(d)(1)(D). But, in this case, Shabazz had a longstanding romantic relationship with Barbara Shackett, the recanting witness's mother. Although Shabazz apparently discussed Michael Shackett's testimony with Barbara Shackett at the time of trial, he failed to do so again in the ensuing four years despite the fact that she visited him in prison approximately every two weeks. Nor did Shabazz ask Barbara Shackett to speak with her son about recanting his testimony, or request that she have her son contact Shabazz.

Shabazz testified at the hearing that his inaction did not belie due diligence because Barbara Shackett had only limited contact with her son in the years after the trial. Further, Shabazz maintains that he did not want to upset the various personal relationships at issue, or create an appearance of witness coercion. Thus, he simply waited until Michael Shackett's "conscience" produced a recantation. In rejecting this explanation, the district court found that Shabazz was not a credible witness based on inconsistencies in his testimony and the court's observation of Shabazz at the hearing. This finding was not clearly

5

erroneous.  See Doe v. Menefee, 391 F.3d 147, 164 (2d Cir. 2004); see also Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).

In any event, the adverse finding is reinforced by other record evidence that casts considerable doubt on the very basis for Shabazz's habeas claim:  that Michael Shackett was importuned by prosecutors falsely to testify that he found a gun in Shabazz's car.  When Barbara Shackett testified as a defense witness at petitioner's trial, she stated that her son told her about the gun soon after discovering it.  She testified that she recounted this fact to Shabazz's sister, who urged her to have one of her sons dispose of the weapon.  These events, all occurring prior to Michael Shackett having any contact with the police or prosecutors, seriously undermine his assertion in the January 2, 2001 affidavit that it was prosecutors who coerced him to fabricate testimony about discovering a gun.  The credibility of Michael Shackett's affidavit could not be tested at the evidentiary hearing because he invoked his Fifth Amendment right not to testify.  More significant to assessing due diligence, however, Shabazz failed to call Barbara Shackett – the only other person who could have shed light on his due diligence claim – as a hearing witness.  Indeed, Shabazz stated, inexplicably, that he failed even to tell Barbara Shackett about the hearing.

In these circumstances, we conclude that the district court correctly determined that Shabazz failed to show that he could not through the exercise of due diligence have discovered the factual predicate for his claim prior to October 28, 2000, the date relevant to

establishing timeliness under § 2244(d)(1)(D). Accordingly, the petition was properly dismissed as untimely.

    2.    <u>Shabazz Failed to Establish Circumstances Warranting Equitable Tolling</u>

Shabazz argues that even if his petition is untimely, he is entitled to equitable tolling because of the rare and exceptional circumstances of his case. We disagree. Not only does Shabazz fail to point to any "extraordinary circumstance" that prevented timely filing, we conclude that Shabazz's failure to demonstrate due diligence precludes him from obtaining equitable relief. <u>See</u> <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); <u>see also</u> <u>Saunders v. Senkowski</u>, 587 F.3d 543, 550 (2d Cir. 2009); <u>Belot v. Burge</u>, 490 F.3d at 207-08.

We have considered Shabazz's remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the September 26, 2006 judgment is AFFIRMED.

                FOR THE COURT:
                CATHERINE O'HAGAN WOLFE, Clerk of Court