*885 THACKER, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s conclusion that the district court erred, as a matter of law, in holding that North Carolina would not recognize the doctrine of equitable tolling outside of the equitable estoppel context.
However, with all due respect to my good colleagues, I cannot agree with the majority’s decision to determine, for the first time on appeal, that the balance of the equities in this case warrants the application of equitable tolling at this point. Rather, in my view, this matter should be remanded to permit the district court to exercise its discretion as to the application of equitable tolling to the facts presented. Accordingly, I respectfully concur in part and dissent in part.
In this case, “[t]he operative review standard in the end will depend on what aspect of the lower court’s decision is challenged.” Belot v. Burge, 490 F.3d 201, 206 (2d Cir.2007). Specifically, to the extent the district court’s decision rested on a conclusion of law, that aspect of the decision should be reviewed de novo. See Smith v. Pennington, 352 F.3d 884, 892 (4th Cir.2003) (“[T]o the extent a challenge to the denial of tolling is not to the existence of certain facts, but instead rests on whether those facts demonstrate a failure to bring a timely claim, resolution of this challenge turns on questions of law which are reviewed de novo.”) (internal quotation marks and citations omitted). To the extent the district court’s decision rested on an application of law to fact, that aspect of the decision should be reviewed for an abuse of discretion. See id. (“[A]s to all circumstances other than where the relevant facts are undisputed and the district court denied equitable tolling as a matter of law, we review the denial of tolling below for abuse of discretion.”) (internal citations and quotation marks omitted).
Here, the district court’s opinion rested entirely on its conclusion that, as a matter of North Carolina law, equitable tolling is not cognizable outside of the equitable es-toppel context. However, this conclusion was in error. As the majority properly recounts, while there is no controlling Supreme Court of North Carolina decision addressing equitable tolling, the lion’s share of the pertinent authority — including cases from the United States Supreme Court, other state appellate courts, the United States Circuit Courts of Appeal, and North Carolina intermediate appellate courts — clearly recognizes that the doctrine of equitable tolling is more broad than the doctrine of equitable estoppel insofar as the latter requires misconduct on the part of the defendant while the former does not. As a result, I do not hesitate to concur with the majority’s holding on this question.
Unfortunately, the majority and I part ways at Part C. of the majority opinion. Application of the law of equitable tolling to the facts of a particular case is ordinarily a matter within the district court’s discretion in the first instance. Given that here the district court erroneously concluded that North Carolina law would not countenance equitable tolling outside of the equitable estoppel context, the district court has not yet had the opportunity to consider the operation of equitable tolling to the facts of this case. Therefore, I must dissent from this aspect of the majority opinion: I would remand this case to permit the district court to determine whether equitable tolling is, in fact, warranted on these facts.
We should be reluctant to substitute our judgment for that of the district court, as the majority does here, because, as we *886 have long held, “the abuse of discretion standard requires a reviewing court to show enough deference to a primary deci-sionmaker’s judgment that the court does not reverse merely because it would have come to a different result in the first instance.” Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir.2008).[1]
As noted, the district court has not yet had the opportunity to apply the legal test announced in this opinion — that is, whether “defendants Ingram and von Jess received timely notice of Aikens’s claims, whether the defendants have been prejudiced by delay of the litigation, and whether Aikens has acted with diligence[,]” — to the operative facts. See ante at 883 (citing Burnett v. N.Y. Cent. R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965)). In my view, remand would allow the parties to properly brief the issue in light of the governing legal standard announced herein (see ante at 883) and, similarly, would permit the district court to supplement the record if needed. Cf. Davani v. Va. Dep’t of Transp., 434 F.3d 712, 720 (4th Cir. 2006) (“While the court’s failure to address these legal arguments below alone prevent us from addressing them on appeal, prudence counsels that, because of the undeveloped state of the record, we refrain from doing so at this time.”) (internal citations omitted).
Finally, I note the disposition I propose finds support in the cases of this circuit, as we have repeatedly remanded cases to the district court after finding that the district court abused its discretion by failing to adequately take into account a recognized judicial factor or after announcing a new legal principle on appeal. See, e.g., DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 330 n. 14 (4th Cir.2008) (“Having clarified the proper course of analysis that must govern a district courts exercise of discretion in awarding damages, we find it prudent to allow the district court to reconsider the application of that analysis in the first instance.”); Rosciszewski v. Arete Assocs., 1 F.3d 225, 234 (4th Cir.1993) (reversing and remanding case to permit the district court to exercise its discretion in light of a newly announced legal principle).[2]
For these reasons, I respectfully concur in part and dissent in part.

. In concluding that the facts of this case support the operation of equitable tolling, the majority opinion relies extensively on the concurring and dissenting opinions from our previous en banc decision in Aikens I. See ante at 883. However, neither the majority nor the dissent in Aikens I directs the ultimate outcome of this case on this issue at this point, as Aikens I posed a separate question — whether this case involves sufficiently extraordinary circumstances to warrant Rule 60(b)(6) relief — than the one posed here.

. Other courts have taken this approach in the specific context of equitable tolling. See, e.g., Townsend v. Comm’r of Soc. Sec., 415 F.3d 578 (6th Cir.2005); Daviton v. Columbia/HCA Corp., 241 F.3d 1131 (9th Cir.2001).