16-3215-cv
*Thomas v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand seventeen.

**PRESENT:**
Peter W. Hall,
Christopher F. Droney,
    *Circuit Judges*,
Laura Taylor Swain,*
    *District Judge.*

Michael P. Thomas,

    *Plaintiff - Appellant,*

v.                                                                  16-3215-cv

New York City Department of Education, Richard J. Condon, Special Commissioner of Investigation for the

_____

* Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

New York City School District, Gerald P. Conroy, Michael Salek, Charles Kwan, Stephen Koss, David J. Jimenez,

*Defendants - Appellees.*

_____

| | |
|---|---|
| **FOR APPELLANT:** | MICHAEL P. THOMAS, pro se, New York, New York. |
| **FOR DEFENDANTS-APPELLEES:** | JOHN K. CROSSMAN, Zukerman Gore Brandeis & Crossman, LLP, New York, New York. |
| | MEGAN E.K. MONTCALM, Assistant Corporation Counsel (Fay S. Ng, Assistant Corporation Counsel, *on the brief*), *for* Zachary Carter, Corporation Counsel of the City of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael Thomas, proceeding pro se, sued the New York City Department of Education ("DOE"), officials from the DOE and the Manhattan Center for Science of Mathematics ("MCSM") (the school at which Thomas formerly taught), and MCSM's former PTA president, asserting a First Amendment retaliation claim under 42 U.S.C. § 1983. Thomas appeals from the district court's dismissal of his complaint as barred by the applicable three-year statute of limitations, and its determination that equitable tolling did not apply to toll the statute of limitations.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision to grant a motion to dismiss, including its interpretation and application of a statute of limitations. *See City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (citations omitted). Where, as here, the district court has applied the correct legal standards and based its decision on findings of fact that were supported by the evidence, we review the denial of equitable tolling for abuse of discretion. *Belot v. Burge*, 490 F.3d 201, 206 (2d Cir. 2007). To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At oral argument Thomas conceded that his claim against Mr. Michael Salek was untimely. Thomas also agreed with Defendants-Appellees that his claims against David Jimenez and Charles Kwan, with respect to their allegedly false allegations and request for a psychological evaluation, were untimely. Thomas also conceded that his *Monell* claim against the New York City Department of Education was untimely. We will consider Thomas's remaining claims on appeal.

3

The district court properly dismissed Thomas's complaint, and we affirm for substantially the reasons stated by the district court in its August 31, 2016 decision. As the district court reasoned, Thomas's cause of action accrued, at the latest, in 2010, when he had a "complete and present cause of action" for First Amendment retaliation. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015); *see also Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (per curiam) (outlining the elements for a First Amendment retaliation claim). Equitable tolling did not apply because "accrual of a cause of action based on specific acts of which a plaintiff was aware cannot be postponed, nor can a limitations period be tolled, simply be alleging that the acts were taken pursuant to a conspiracy." *Pearl v. City of Long Beach*, 296 F.3d 76, 87 (2d Cir. 2002) (citations omitted).

Because the district court properly dismissed Thomas's complaint as untimely, we need not consider whether his claims were meritorious or barred by the doctrine of res judicata. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk