*Favourite v. Colvin*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:    ROBERT D. SACK,
            BARRINGTON D. PARKER,
            DENNY CHIN,
                        *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RIVIN FAVOURITE,

                        *Petitioner-Appellant*,

                        v.                                      17-3575

JOHN COLVIN, SUPERINTENDENT AT FIVE
POINTS CORRECTIONAL FACILITY,

                        *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:        Rivin Favourite, *pro se*, Stormville, New York.

FOR RESPONDENT-APPELLEE:         Nancy D. Killian, Lori Ann Farrington, Assistant District Attorneys, *for* Darcel D. Clark, Bronx County District Attorney, Bronx, New York.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **VACATED** and the case is **REMANDED** for further proceedings.

Petitioner-appellant Rivin Favourite, proceeding *pro se*, appeals from the district court's orders, dismissing his habeas corpus petition as untimely and denying his subsequent motions for reconsideration and a certificate of appealability.   On March 29, 2018, this Court granted a certificate of appealability for the limited purpose of determining "whether unusual delay in receipt of the state appellate court's decision denying an application for leave to appeal warranted equitable tolling."   App'x at 5. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a habeas corpus petition, which begins to run following, as relevant here, "the date on which the judgment became final."   28 U.S.C. § 2244(d)(1)(A).   The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."   *Id.* § 2244(d)(2); *see Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999).   The time may also be tolled on equitable

grounds "in certain rare and exceptional circumstances," but it is the petitioner's burden to prove that he is entitled to such relief. *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (internal quotation marks and brackets omitted). To qualify for equitable tolling, a "petitioner must establish that (a) extraordinary circumstances prevented him from filing a timely petition, and (b) he acted with reasonable diligence during the period for which he now seeks tolling." *Id.* (internal quotation marks omitted). On appeal from a district court's denial of equitable tolling, we review application of legal standards *de novo* and findings of fact for clear error. *See Belot v. Burge*, 490 F.3d 201, 206-07 (2d Cir. 2007).

## I. Extraordinary Circumstances

Favourite alleges that he was entitled to equitable tolling for the three months between May 12, 2016, when the Appellate Division entered its denial of his request for leave to appeal, and August 12, 2016, when he received the court's order. This Court has held that a state court's "prolonged delay" of seven months in notifying a petitioner about a ruling that completes exhaustion of state court remedies can constitute an extraordinary circumstance that would warrant equitable tolling. *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008). "[A] delay occasioned by the normal course of the mail," however, is not such an extraordinary circumstance. *Saunders v. Senkowski*, 587 F.3d 543, 550 (2d Cir. 2009). Rather than a "brief interval between the entry of a state court order and its receipt a few days later after prompt mailing," *Diaz*, 515 F.3d at

155, the three-month delay in Favourite's first receiving the state court's decision is the type of prolonged delay that justifies equitable tolling. *Cf. Saunders*, 587 F.3d at 550 (affirming district court's conclusion that seven-day delay in state court's notification due to a federal holiday did not constitute an extraordinary circumstance). Moreover, the record does not reflect any documentation from the Appellate Division or the prison facility to dispute Favourite's claim that he did not receive notification until he later requested it from the court on August 1, 2016. *See Diaz*, 515 F.3d at 155. Accordingly, the district court's determination that the three-month delay, even if true, could not constitute an extraordinary circumstance for equitable tolling was erroneous.

## II. Reasonable Diligence

In addition to showing that extraordinary circumstances prevented timely filing, Favourite must demonstrate that he acted with reasonable diligence during the period that he seeks to have tolled. *See Martinez*, 806 F.3d at 31. Favourite argues that he exercised reasonable diligence by writing to the Appellate Division on August 1, 2016 to inquire as to the motion's status. In *Diaz v. Kelly*, this Court held that a petitioner's single inquiry to the Appellate Division nine months after filing his post-conviction motion and about three months after the end of the limitations period satisfied the reasonable diligence prong because there was "no point in obliging a *pro se* litigant to pester a state court with frequent inquiries as to whether a pending motion has been decided, at least until a substantial period of time has elapsed." 515 F.3d at

- 4 -

155. This Court further noted that the petitioner promptly filed his federal habeas corpus petition the day after receipt of the state court's order. *Id.*

Similarly, Favourite was reasonably diligent in both checking on the status of his state motion that he thought was still pending, and in taking action once he received the opinion. Favourite's written inquiry was over a year after he filed his motion and less than two months after the limitations period expired. Although Favourite then waited almost a month after receiving the state court order to file his habeas petition, "[o]nce tolling ends and the limitations clock resumes, a § 2254 petition is timely as long as it is filed before the total untolled time exceeds one year." *Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011). Because the three-month delay qualifies for equitable tolling, Favourite's habeas petition was timely filed within the remaining 35-day limitations period. *See id.* at 139, 141-42 (explaining that a further showing of diligence is not required during an untolled period when the habeas petition is filed within one-year of the untolled time).

Accordingly, we **VACATE** the orders of the district court and **REMAND** the case for further proceedings consistent with this ruling.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court