08-6098-pr
Adkins v. Warden

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the second day of December two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DENNIS ADKINS,

> *Petitioner-Appellant*,

> v.                                                                No. 08-6098-pr

WARDEN,

> *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER-APPELLANT:      TODD A. BUSSERT, Law Office of Todd A. Bussert, New Haven, CT

FOR RESPONDENT-APPELLEE:      TAMARA A. GROSSO, Special Deputy Assistant State's Attorney, Office of the Chief State's Attorney, Rocky Hill, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner-appellant Dennis Adkins ("defendant") appeals from the District Court's November 14, 2007 Memorandum of Decision dismissing his petition for a writ of habeas corpus as time barred under 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1217.  In April 2000, Defendant appeared in Connecticut Superior Court and pleaded guilty to committing felony murder.  He was thereafter sentenced to 35 years' imprisonment.

Defendant did not pursue a direct appeal of his conviction and the parties agree that, for the purposes of AEDPA's one-year statute of limitations, his conviction became final on June 15, 2000. Defendant did not pursue any collateral review of his conviction until November 7, 2001, when he filed a *pro se* petition for state habeas relief claiming ineffective assistance of counsel and actual innocence.  After appointing counsel to represent the defendant and holding an evidentiary hearing, the state trial court denied the petition for habeas relief on October 10, 2003.  Defendant's timely appeal of that ruling was dismissed by the Connecticut Appellate Court on March 29, 2005. Defendant did not, at that time, file a petition for certification to appeal to the Connecticut Supreme Court.

On July 13, 2005, defendant filed a *pro se* petition for federal habeas relief pursuant to 28 U.S.C. § 2254.  That petition was dismissed based on his failure to exhaust his state court remedies. Defendant thereafter filed a *pro se* motion to file a late petition to the Connecticut Supreme Court, seeking to appeal out of time the Connecticut Appellate Court's decision on his state habeas claim. On January 10, 2007, the Connecticut Supreme Court granted the motion to file a late petition but denied the petition for certification to appeal.  Defendant commenced this habeas petition on April 26, 2007, almost six years after the one-year statute of limitations under AEDPA expired on June 15, 2001.

After appointing counsel to represent defendant and conducting two evidentiary hearings, the District Court dismissed the petition as time barred. *Adkins v. Warden*, 585 F. Supp. 2d 286 (D.

Conn. 2008). In doing so, the Court rejected, *inter alia*, the defendant's argument that the 167 days from June 15 to November 28, 2000, should be equitably tolled based on (1) defendant's confinement in "23-hour lockdown conditions without access to legal materials," (2) his limited education, (3) his lack of notice regarding his appellate rights, and (4) his alleged emotional trauma. *Id.* at 294-95.[1] The District Court granted a certificate of appealability limited to the issues of equitable and statutory tolling under AEDPA.

We review a district court's decision to deny equitable tolling for "abuse of discretion." *See Belot v. Burge*, 490 F.3d 201, 206-07 (2d Cir. 2007); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). To qualify for equitable tolling a habeas petitioner must show (1) that he pursued his right diligently and (2) that some extraordinary circumstances prevented him from filing a timely petition. *See Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

Even if we were to accept defendant's argument that the combination of factors identified above qualify as "extraordinary circumstances," the District Court did not err in holding, on the record before the Court, that equitable tolling was unwarranted based on defendant's failure to diligently pursue his rights when those circumstances were removed. As the District Court observed, "Mr. Adkins was transferred from Northern CI [Chronic Disciplinary Unit that consisted of 23-hour lockdown conditions] to MacDougall CI in late November 2000, *about six and one-half months before the AEDPA one-year limit was due to expire.*" *Adkins*, 585 F. Supp. 2d at 300 (emphasis added). We agree with the District Court that defendant's failure to file a habeas petition during that period, or even during the four months that followed, is fatal to his claim for equitable tolling. *See, e.g., Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2d Cir. 2001) (declining to equitably toll AEDPA's one year statute of limitations where petitioner was denied access to legal materials during the beginning of the one year period but failed to diligently pursue his rights thereafter) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (denying equitable tolling based on lack of diligence where petitioner had been denied access to legal materials for approximately six months but had regained access to legal materials six months prior to expiration of the limitations period), and *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (denying equitable tolling for lack of diligence because, among other reasons, petitioner failed to "demonstrate [ ] why he did not . . . file his federal habeas petition within the 185 days after the state appellate court affirmed the denial of his post-conviction application")).

---

[1] The District Court also considered two other periods during which, defendant argued, AEDPA's statute of limitations should be statutorily and equitably tolled. Because we agree with the District Court's analysis with respect to the first period, and because tolling of *all three* periods was necessary for defendant's petition to be timely, *see Adkins*, 585 F. Supp. 2d at 294, we need not address whether further statutory or equitable tolling was appropriate.

Defendant argues that we should overrule our prior decisions with respect to reasonable diligence and adopt a "stop clock" approach—meaning that once extraordinary circumstances are proven, AEDPA's statute of limitations stops running for the duration of such circumstances. *See Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001) (en banc) (adopting a "stop clock" approach in the context of motions to reopen deportation proceedings). Mindful that "[w]e are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court," *Gelman v. Ashcroft*, 372 F.3d 495, 499 (2d Cir. 2004), we decline defendant's invitation to overrule *Velverde* and its progeny.[2]

Because defendant did not show that the alleged extraordinary circumstances prevented him from filing a timely petition, the District Court did not err in declining to apply equitable tolling. *See Hizbullahankhamon*, 255 F.3d at 76; *Velverde*, 224 F.3d at 134.

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

---

[2] We also decline respondent's invitation to overrule *Diaz v. Kelly*, 515 F.3d 149 (2d Cir. 2008), which held that equitable tolling is available under AEDPA.