10-178-pr
Harper v. Ercole

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: March 21, 2011      Decided: July 26, 2011)

Docket No. 10-178-pr

ALLEN HARPER,

*Petitioner-Appellant*,

v.

ROBERT ERCOLE,

*Respondent-Appellee*.

Before:

MCLAUGHLIN, CALABRESI, and RAGGI, *Circuit Judges*.

Allen Harper appeals from a judgment of the United States District Court for the

Eastern District of New York (Vitaliano, *J.*; Bloom, *M.J.*) dismissing as untimely his petition

for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The district court assumed

that Harper satisfied the requirements for equitable tolling of a three-month period when he

was hospitalized.  Nevertheless, the district court concluded that the petition was untimely

because Harper failed to demonstrate reasonable diligence in pursuing his claim in the two-

month period between his hospital discharge and filing. We conclude that no such demonstration of diligence is required where, as here, the petition was filed within one year of the total untolled time after the challenged conviction became final.

VACATED and REMANDED.

—————

SALLY WASSERMAN, Esq., New York, New York, *for Petitioner-Appellant*.

HOWARD B. GOODMAN (Leonard Joblove, Victor Barall, *on the brief*), Assistant District Attorneys, *on behalf of* Charles J. Hynes, Kings County District Attorney, Brooklyn, New York, *for Respondent-Appellee*.

—————

REENA RAGGI, *Circuit Judge*:

New York State prisoner Allen Harper appeals from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*; Lois S. Bloom, *Magistrate Judge*) dismissing as untimely his pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See Harper v. Ercole, No. 08-CV-3442, 2009 WL 4893196, at *2 (E.D.N.Y. Dec. 16, 2009). The district court assumed that Harper was entitled to equitable tolling for a three-month period of hospitalization. It nevertheless concluded that the petition was untimely because Harper failed to demonstrate diligence in pursuing his claim in the time between his hospital discharge and filing. We now clarify that a litigant who seeks equitable tolling based on extraordinary circumstances and who establishes causation is required to show reasonable diligence in pursuing his claim throughout the

2

period he seeks to have tolled. Once tolling ends and the limitations clock resumes, a § 2254 petition is timely as long as it is filed before the total untolled time exceeds one year. Here, the record shows that at the time of Harper's 2008 hospitalization, 288 days had run and seventy-eight days remained on the one-year statute of limitations.[1] Thus, if the limitations period is tolled for the ninety-eight-day period of Harper's hospitalization,[2] his § 2254 filing sixty-five days after discharge was within one year of the total untolled time after his conviction became final and, thus, was not untimely. Accordingly, we vacate the judgment of dismissal and remand for further proceedings consistent with this opinion.

## I.    **Background**

### A.    Harper's New York State Conviction

Allen Harper was convicted in 2002 after a jury trial in Kings County of robbery in the first and second degrees, see N.Y. Penal Law §§ 160.10[1], 160.15[4], and criminal possession of a weapon in the third degree, see id. § 265.02[4] (since repealed). Sentenced as a persistent violent felony offender, Harper is presently serving concurrent indeterminate prison terms of twenty-, sixteen-, and twelve-years-to-life. Harper's conviction was affirmed in 2006 on both direct appeal, see People v. Harper, 32 A.D.3d 16, 818 N.Y.S.2d 113 (2d Dep't 2006), and review by the New York Court of Appeals, see People v. Harper, 7 N.Y.3d 882, 826 N.Y.S.2d 594 (2006).

_____

[1] 2008 was a leap year.

[2] This assumes, without deciding, that the tolled period includes both the day Harper was hospitalized and the day he was discharged. It would make no difference to our decision if the period were one day less.

B.    The § 2254 Petition

1.    The Chronology of Harper's Filing

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, Harper's state conviction became final on May 14, 2007, ninety days after the New York Court of Appeals denied his motion to reargue. See People v. Harper, 8 N.Y.3d 852, 830 N.Y.S.2d 696 (2007); Dillon v. Conway, 642 F.3d 358, 360 n.3 (2d Cir. 2011). Consequently, under AEDPA's one-year limitations period, see 28 U.S.C. § 2244(d)(1), Harper had until May 14, 2008, to file a federal habeas petition under 28 U.S.C. § 2254. With seventy-eight days remaining in the period, Harper was hospitalized on February 27, 2008, and remained confined until June 3, 2008. Sixty-five days later, on August 7, 2008, Harper filed his § 2254 petition, raising constitutional challenges to his conviction based on preliminary jury instructions, the denial of a suppression motion, and statements made by the prosecutor in summation.

In presenting these claims, Harper acknowledged that his petition was not filed within one year of his conviction becoming final. Nevertheless, he urged that AEDPA's limitations period be equitably tolled as a result of the extraordinary circumstances presented by his hospitalization. Harper explained that while hospitalized, he underwent multiple surgeries, experienced life-threatening complications, and did not have access to his legal papers. Respondent, who had custody of Harper (and presumably his medical records) throughout times relevant to this appeal, does not contend otherwise.

4

2.      The Magistrate Judge's Recommendation of Dismissal

Harper's petition was referred to Magistrate Judge Lois Bloom, who issued a report on June 16, 2009, recommending that the petition be dismissed as untimely. See Harper v. Ercole, 2009 WL 4893196, at *2-5. The magistrate judge assumed that Harper satisfied the requirements for equitable tolling during the period of his hospitalization. Nevertheless, she concluded that such tolling did not excuse Harper's untimely filing because petitioner had not "pursued his rights diligently in the sixty-five days" after his hospital discharge. Id. at *4. The magistrate judge observed that diligence would have required Harper to file "an unpolished, yet more-timely petition" within an unspecified shorter time. Id.

3.      Harper's Objections to the Report and Recommendation

Harper objected to the magistrate judge's report, providing further information as to both his hospitalization and subsequent recuperation. As to the former, Harper explained that he "underwent six surgeries," was "confined to the bed," and "was heavily medicated," affecting his "consciousness" and rendering him unable to write. Objections to R & R ¶ 7. As evidence of his diligence while hospitalized, Harper noted that on April 28, 2008, he managed to send a letter to the Eastern District pro se clerk requesting an extension of time to file his petition. Harper Letter to Pro Se Clerk, Apr. 28, 2008 (requesting extension until "at least, the 13th day of June, 2008, when I anticipate that I should have access to the necessary legal documents and be able to complete the petition"). A date stamp confirms the court's receipt of the letter on May 1, 2008, but the record does not indicate a response.[3]

---

[3] We note that no case was then pending before the district court.

5

As to his recuperation, Harper explained that, after his June 3, 2008 hospital discharge, "he remained on medication and under doctors['] orders to take it easy because he was still healing and recovering." Objections to R & R ¶ 9. Specifically, "during the sixty-five days from June 3, 2008 to August 7, 2008," when he filed his petition, Harper "was only able to sit up for short periods of time," requiring him "to work slowly to complete the petition, because the doctors feared that any attempt to move around too much could rupture the approximately one foot incision in [his] abdomen that had been left partially open to heal from the inside out." Id. To substantiate his allegations as to the severity of his condition, Harper authorized disclosure of his medical records. See id. ¶ 13. Respondent appears not to have produced any of Harper's prison medical records for the court, nor did he challenge Harper's more detailed assertions as to his condition.

### 4. The District Court's Dismissal of Harper's Petition

The district court adopted the magistrate judge's recommendation to dismiss Harper's petition as untimely, concluding that "even if Harper had sufficiently demonstrated extraordinary circumstances during the 65 days following his release from the hospital . . . [, he] failed to exercise reasonable diligence throughout the 65-day period that he seeks to have tolled." Harper v. Ercole, 2009 WL 4893196, at *1.

This appeal followed.

## II. Discussion

As the Supreme Court recently confirmed, AEDPA's one-year limitations period may be tolled only if, consistent with the general requirements of equity, a petitioner demonstrates

6

"'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). While equitable tolling is warranted only in "rare and exceptional circumstances," Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003) (internal quotation marks omitted), courts do not apply its requirements mechanistically, see Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946) (observing that "[e]quity eschews mechanical rules"). Rather, "the exercise of a court's equity powers must be made on a case-by-case basis," mindful "that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Holland v. Florida, 130 S. Ct. at 2563 (internal quotation marks and alterations omitted); accord Dillon v. Conway, 642 F.3d at 362.

On an appeal from a district court's denial of equitable tolling, we review findings of fact for clear error and the application of legal standards de novo. See Belot v. Burge, 490 F.3d 201, 206 (2d Cir. 2007). In this case, the district court assumed from Harper's undisputed allegations that he satisfied the requirements for equitable tolling of the ninety-eight-day period of his hospitalization. Thus, the issue on this appeal is one of law: whether equity required Harper to demonstrate diligence not only for a period warranting tolling but thereafter through the date of filing. We now clarify that the requirements of tolling must be satisfied throughout the period to be tolled. If a party carries this burden, the statute of limitations is suspended for the duration of the extraordinary circumstances supporting

7

tolling, and filing is timely if made before the total untolled time exceeds the limitations period without need for further inquiry into diligence. We have deviated from this general rule of equitable tolling when extraordinary circumstances do not come to a determinate end, in which case diligence through filing determines the timeliness. See generally Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). That, however, is not this case.

To explain that conclusion, we begin by discussing the requirements for equitable tolling.

A. Extraordinary Circumstances

To be eligible for equitable tolling, a petitioner must demonstrate "extraordinary circumstances beyond his control" that prevented him from timely filing his petition. Baldayaque v. United States, 338 F.3d at 151 (internal quotation marks omitted).

1. Identifying Extraordinary Circumstances

The term "extraordinary" refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period. See Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010); Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). We have recognized that medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented. See, e.g., Bolarinwa v. Williams, 593 F.3d at 231 (holding mental illness may equitably toll AEDPA limitations period); Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002) (holding medical condition could support equitable tolling in Title VII case). Consistent with this precedent, we conclude that hospitalization may demonstrate extraordinary

8

circumstances, again, depending on the facts presented. Here, the district court's assumption that Harper's hospitalization constituted extraordinary circumstances finds support in the petitioner's unchallenged representation as to the significant length of his confinement during which he underwent six surgeries, requiring him to be confined to bed and heavily medicated.[4]

### 2. The Causation Requirement Attending Extraordinary Circumstances

To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline. See, e.g., Valverde v. Stinson, 224 F.3d at 134 (explaining need for "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing"). A court may conclude that such causation is lacking where the identified extraordinary circumstances arose and concluded early within the limitations period. In such circumstances, a diligent petitioner would likely have no need for equity to intervene to file within the time remaining to him. See, e.g., Hizbullahankhamon v. Walker, 255 F.3d 65, 76 (2d Cir. 2001) (declining to grant equitable tolling for petitioner's twenty-two-day period of solitary confinement at beginning

---

[4] Normally, a party seeking equitable tolling based on a medical condition or hospitalization would be expected to provide corroborating evidence of the condition and its severity. See generally Bolarinwa v. Williams, 593 F.3d at 232 (remanding for development of record as to whether alleged mental illness constituted extraordinary circumstances). Because Harper is a New York State prisoner, respondent is presumably in possession of Harper's medical records. Thus, respondent's decision not to dispute Harper's allegations as to the length and circumstances of his hospitalization while imprisoned permitted the district court to accept the allegations without further record development.

9

of limitations period); see also Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (identifying no causation to support equitable tolling of twenty-seven-day period occurring eleven months before AEDPA filing deadline); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (concluding causation not established where seventeen-day period to be tolled occurred more than six months before AEDPA filing deadline). Respondent does not – and cannot – argue that this case presents such a causation concern. The extraordinary circumstances of Harper's hospitalization arose after 288 days of the limitations period had run and continued past the one-year deadline. In short, no filing time remained when the extraordinary circumstances ended.

We have suggested that a court also may find causation lacking where a petitioner has been "so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period." Valverde v. Stinson, 224 F.3d at 136; see also Belot v. Burge, 490 F.3d at 207-08.[5] This comports with the principle that equity will not intervene to reward negligence. See Pace v. DiGuglielmo, 544 U.S. at 419 ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights." (internal quotation marks omitted)); Baldwin Cnty. Welcome Ctr. v.

_____

[5] There is some overlap between the causation and diligence requirements of equitable tolling: "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Valverde v. Stinson, 224 F.3d at 134. We discuss the diligence requirement further in the next part of this opinion.

Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). We have cautioned, however, that causation should not be used to fault a party "for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period." Valverde v. Stinson, 224 F.3d at 136.

This case presents no negligence to undermine causation. A reasonably diligent person could have prepared a petition in the seventy-eight days remaining on the AEDPA limitations period when Harper encountered the extraordinary circumstances of his hospitalization. Indeed, after discharge, Harper himself filed his petition in sixty-five days, i.e., within the time that would have remained available to him under AEDPA had he not been hospitalized. Under these circumstances, it cannot be argued that undue delay, rather than the identified extraordinary circumstances, caused Harper to miss the original AEDPA filing deadline.

In sum, the undisputed record demonstrates both that Harper was subject to extraordinary circumstances for the period of his hospitalization and that those circumstances caused his failure to file for § 2254 relief within AEDPA's one-year limitations period.


B.    Diligence

Consistent with the maxim that equity aids the vigilant, see, e.g., Iavorski v. I.N.S., 232 F.3d 124, 134 (2d Cir. 2000), a petitioner seeking equitable tolling of AEDPA's

11

limitations period must demonstrate that "he acted with reasonable diligence throughout the period he seeks to toll," Belot v. Burge, 490 F.3d at 205. This standard calls for "reasonable diligence, not maximum feasible diligence," Holland v. Florida, 130 S. Ct. at 2565 (internal quotation marks and citation omitted), which a petitioner may satisfy by showing that he "act[ed] as diligently as reasonably could have been expected under the circumstances," Baldayaque v. United States, 338 F.3d at 153 (emphasis in original).

The district court's assumption that Harper acted with reasonable diligence while hospitalized finds support in Harper's unchallenged description of the severity of his condition and the fact that he, nevertheless, sought to protect his right to seek § 2254 relief by submitting a letter to the court requesting an extension of time within which to file his petition.

C.      Determining the Timeliness of Harper's Filing

If, as the district court assumed, equitable tolling suspends AEDPA's statute of limitations for the period of Harper's hospitalization, his August 7, 2008 filing was within one year of the total untolled time after his conviction became final. The district court concluded that the filing was nevertheless untimely because Harper failed to demonstrate reasonable diligence in pursuing his petition in the sixty-five days after his hospital discharge. The conclusion rests on a mistake of law, i.e., an assumption that diligence must be shown through filing even after equitable tolling has ended on a date certain and where

the total untolled time has not exceeded the limitations period.[6]  This court has repeatedly

stated that a party seeking equitable tolling must show diligent pursuit of his claim

"throughout the period he seeks to toll."  Belot v. Burge, 490 F.3d at 205 (internal quotation

marks omitted) (emphasis added); see Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74,

80 (2d Cir. 2003) (holding that person seeking equitable tolling must show that she "acted

with reasonable diligence during the time period she seeks to have tolled" (internal quotation

marks omitted)); Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) ("Equitable tolling

requires a party to pass with reasonable diligence through the period it seeks to have

tolled.").  If such a showing is not made, equitable tolling should be denied or at least

circumscribed to the period for which diligence and causation are established.  But if such

a showing is made along with the other requirements for equitable tolling, a court may

suspend the statute of limitations for the period of extraordinary circumstances and determine

timeliness by reference to the total untolled period without requiring a further showing of

diligence through filing.

Such an approach to determining the timeliness of a § 2254 filing is consistent with

the general rule of equitable tolling articulated by the Supreme Court:  "Principles of

equitable tolling usually dictate that when a time bar has been suspended and then begins to

---

[6] Because we vacate on this ground, we need not consider Harper's further challenge
to the district court's adverse diligence finding.  We nevertheless note some concern that the
district court appears to have made its diligence determination without reviewing Harper's
prison medical file, or any other evidence indicating whether Harper was able to return to
general prison population after hospital discharge and what, if any, limitations he operated
under during recuperation.  See Bolarinwa v. Williams, 593 F.3d at 232 (remanding for
record development to determine equitable tolling).

13

run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991); see Haekal v. Refco, Inc., 198 F.3d 37, 43 (2d Cir. 1999) (observing in context of Commodity Exchange Act filing that "[w]hen equitable tolling is applied, the limitations period is deemed interrupted; when the tolling condition or event has ended, the claimant is allowed the remainder of the limitations period in which to file his action"); see also Gonzalez v. Hasty, --- F.3d ----, 2011 WL 2463562, at *6 n.4 (2d Cir. June 22, 2011) (effectively applying same approach to equitable tolling under Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)). It further comports with our admonition that "[s]tate prisoners should have the full year allowed them by Congress to consider and prepare their federal habeas petitions." Zarvela v. Artuz, 254 F.3d 374, 382 (2d Cir. 2001). As the Supreme Court has observed, "AEDPA's limitations period is not particularly long." Holland v. Florida, 130 S. Ct. at 2561. Meanwhile, a petitioner must navigate not-insignificant procedural complexities. See Zarvela v. Artuz, 254 F.3d at 378-79. Mistakes can be costly, given the "severe limitations that AEDPA imposes on the filing of second or successive petitions." Id. at 378; see 28 U.S.C. § 2244(b)(2). Thus, while equity will only rarely intervene to toll AEDPA's limitations period, when it does so, a petition should be deemed timely if it is filed within one year of the total untolled time.

In concluding otherwise, the district court appears to have understood our precedent to allow it to extend AEDPA's deadline after tolling only for such time as a reasonably diligent person would have required to prepare a petition without regard to the untolled time

14

remaining. We acknowledge the possibility for confusion. In <u>Valverde v. Stinson</u>, cited by the magistrate judge, we held that the party there seeking equitable tolling must have acted with reasonable diligence through filing. <u>See</u> 224 F.3d at 134 & n.5. Then, in an unpublished summary order, we declined an invitation to overrule <u>Valverde</u> and its progeny "with respect to reasonable diligence and adopt a 'stop clock' approach – meaning that once extraordinary circumstances are proven, AEDPA's statute of limitations stops running for the duration of such circumstances." <u>Adkins v. Warden</u>, 354 F. App'x 564, 566 (2d Cir. 2009).

We are, of course, bound by precedential decisions of prior panels "until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." <u>United States v. Wilkerson</u>, 361 F.3d 717, 732 (2d Cir. 2004). We do not, however, read <u>Valverde</u> to preclude providing a petitioner with a full year of untolled time in cases such as this one.[7] To explain, it is necessary to understand that <u>Valverde</u> demanded diligence through filing in the context of extraordinary circumstances that had no discernable end date.

In <u>Valverde</u>, a § 2254 petitioner sought equitable tolling of the one-year grace period for filing challenges to pre-AEDPA convictions, <u>see</u> <u>Ross v. Artuz</u>, 150 F.3d 97 (2d Cir. 1998), based on prison officials' alleged confiscation of his petition and legal papers. Although we held that such a confiscation constituted extraordinary circumstances as a

---

[7] Consistent with our practice in such circumstances, we have circulated this opinion to all active members of this court prior to filing and have received no objection. <u>See, e.g.</u>, <u>Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.</u>, 585 F.3d 58, 67 (2d Cir. 2009).

15

matter of law, see Valverde v. Stinson, 224 F.3d at 133, we emphasized that, on remand, petitioner would be required to establish causation, i.e., that the confiscation, not his own lack of diligence, prevented his timely filing, see id. at 134. Moreover, if Valverde were found eligible for equitable tolling, we stated that the tolling period "must be sufficient to permit the filing of a petition on or before the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition." Id.

The nature of the extraordinary circumstances in Valverde compelled this approach. While the impairment imposed by the act of confiscation began on a date certain, it did not abate on a date certain. Thus, the question presented in every case meriting equitable tolling – "how long should the limitations period be tolled?" – could not be answered in Valverde by resort to a stop-clock metaphor, which depends on identification of both start and end dates of the extraordinary circumstances causing delay to cabin the tolling period. Id.

Valverde does not address cases such as this one where extraordinary circumstances begin and end on discernable dates. In such cases, if a petitioner demonstrates causation and diligence throughout the defined period, a district court can determine the timeliness of a filing by comparing the total untolled time to the limitations period. Such an approach does not set the statute of limitations anew at the end of the tolled period. See Tristar Corp. v. Freitas, 84 F.3d 550, 553 (2d Cir. 1996) ("Equitable tolling of a statute means only that the running of the statute is suspended, not that the limitations period begins over again." (internal quotation marks omitted)). It simply restarts the limitations clock where it was

16

stopped by equity, thereby assuring habeas petitioners "the full year allowed them by Congress." Zarvela v. Artuz, 254 F.3d at 382.

Pace v. DiGuglielmo, 544 U.S. 408, is not to the contrary. There, the Supreme Court determined that a habeas petitioner was not entitled to equitable tolling of a thirty-two-month period while he exhausted state remedies because he had failed to demonstrate diligence in this pursuit. See id. at 419 ("[P]etitioner waited years, without any valid justification, to assert [his state claims]. Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal."). This confirmed our own precedent, indicating that a court may deny equitable tolling when the petitioner did not seek collateral review diligently. See Smith v. McGinnis, 208 F.3d at 17-18. To the extent the Supreme Court further observed that "not only did petitioner sit on his rights for years before he filed his [state] petition, but also sat on them for five more months after his [state] proceedings became final before deciding to seek relief in federal court," Pace v. DiGuglielmo, 544 U.S. at 419 (emphasis in original), we understand the latter observation only to reinforce the adverse diligence determination for the period for which tolling was sought, not to establish a distinct diligence requirement that would have rendered the petition untimely even if state remedies had been promptly pursued, see id. (observing that petitioner would not be facing "any time problem" if he had pursued state claims within reasonable time).

Nor does Rashid v. Mukasey, 533 F.3d 127 (2d Cir. 2008), signal otherwise. There, an alien sought equitable tolling of the filing deadline to reopen removal proceedings. We

17

adhered to the familiar rule that the alien must have exercised diligence "during the entire period he or she seeks to toll." Id. at 132. What we clarified was that in such reopening cases, the "entire period" to be tolled "includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." Id. By contrast, Harper only needs to secure tolling for his period of hospitalization to bring his filing within the one-year limitations period and, thus, need only demonstrate diligence throughout that tolling period.

In concluding that Harper's filing was timely, we in no way reduce the requirements for securing equitable tolling. Indeed, to the extent some courts have questioned suspending statutes of limitations for the full time of extraordinary circumstances, see, e.g., Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990) (questioning whether "equitable tolling should bring about an automatic extension of the statute of limitations by the length of the tolling period" if party does not need it); Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 946-48 (9th Cir. 2009) (O'Scannlain, J., specially concurring) (collecting cases), we think the concerns expressed are appropriately addressed through our causation precedents, which ensure that equitable tolling is granted only when the extraordinary circumstances are responsible for a filing delay. In Adkins v. Warden, 354 F. App'x at 566, referenced supra at **[15]** for its refusal to reverse Valverde, we summarily affirmed a district court's denial of equitable tolling in the first six months of a limitations period because the demonstrated extraordinary circumstances did not cause the ultimate late filing. It was thus unnecessary to address, let alone determine, the manner in which a tolling period would be

18

calculated in <u>Adkins</u> if equitable tolling had applied. How <u>Valverde</u> provided for such calculation in the case of ongoing extraordinary circumstances was simply not relevant to the <u>Adkins</u> decision.

In sum, we conclude that, in this case, where the existence of extraordinary circumstances causing Harper to miss the AEDPA filing deadline is undisputed for the period from February 27, 2008, when Harper was hospitalized, to June 3, 2008, when he was discharged, and where there is no question as to Harper's diligence in pursuing his claim throughout <u>that</u> period, equity tolled the one-year limitations period to stop on the first date and to resume on the latter date. The timeliness of Harper's § 2254 filing thus depended on it being within one year of the total untolled time after his conviction became final. Because seventy-eight days remained on the statute of limitations at the start of the tolling period, Harper's filing of his § 2254 petition on August 17, 2008, sixty-five days after tolling ended, should have been deemed timely without requiring a further showing of diligence in that untolled period.

Accordingly, we vacate the judgment dismissing Harper's petition as untimely.

## III. Conclusion

To summarize, we conclude the following:

1. Harper qualifies for equitable tolling of AEDPA's statute of limitations for the period from February 27, 2008, to June 3, 2008, because the undisputed record demonstrates that

19

(a) his hospitalization during that time constituted extraordinary circumstances causing him to miss the otherwise applicable May 14, 2008 deadline for filing a § 2254 petition; and

(b) Harper showed reasonable diligence in pursuing his claim throughout his hospitalization;

2. The timeliness of Harper's August 17, 2008 filing does not depend on him showing further diligence in the time between the end of the tolling period and that filing date, but rather on that filing being within one year of the total untolled time after Harper's conviction became final; and

3. Because seventy-eight days remained on the limitations period when equity suspended the statute on February 27, 2008, Harper's August 17, 2008 filing, sixty-five days after tolling ended, was timely.

The district court's judgment of dismissal is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.