10-4601-pr
Williams v. Ercole

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                          *Circuit Judges*.

_____

ROBERT WILLIAMS,

                          *Petitioner-Appellant*,

             -v.-                                          10-4601-pr

ROBERT ERCOLE, SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

                          *Respondent-Appellee*.

_____

Appearing for Appellant:     Brian Sheppard, Law Office of Brian Sheppard, New Hyde Park,
                             N.Y.

Appearing for Appellee:      Rither Alabre, Assistant District Attorney (Robert T. Johnson,
                             District Attorney, Bronx County, Joseph N. Ferdenzi, Assistant
                             District Attorney, *on the brief*), Bronx, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Petitioner Robert Williams appeals from a judgment of the United States District Court for the Southern District of New York dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *see* 28 U.S.C. § 2244(d). We assume the parties' familiarity with the underlying facts and procedural history.

On appeal, Williams presses four arguments in the alternative: (1) Williams was entitled to equitable tolling principally with respect to the period he lacked access to the prison law library; (2) his lack of access to the library constituted an "impediment . . . in violation of the Constitution," restarting the limitations period under 28 U.S.C. § 2244(d)(1)(B); (3) Williams's receipt of information from his grandmother restarted the limitations period under 28 U.S.C. § 2244(d)(1)(D); and (4) dismissal of the petition as untimely would violate the Suspension Clause, U.S. Const. Art. I, § 9, cl. 2. We conclude that the district court properly dismissed the petition, and we therefore affirm.

First, as to equitable tolling, AEDPA's limitations period may be equitably tolled only if a petitioner demonstrates both that extraordinary circumstances prevented timely filing *and* that he acted with reasonable diligence during the period he seeks to have tolled. *Holland v. Florida*, ---U.S.----, 130 S. Ct. 2549, 2562 (2010); *Harper v. Ercole*, 648 F.3d 132, 136-38 (2d Cir. 2011). This Court applies a three-level standard of review depending on the basis of the district court's decision: "If the decision not to toll is made as a matter of law, then the standard of review is *de novo*. If the decision is based on a factual finding, the standard is clear error. If the court has understood the law correctly, and has based its decision on findings of fact supported by evidence, then the standard is abuse of discretion." *Saunders v. Senkowski*, 587 F.3d 543, 549-50 (2d Cir. 2009).

We conclude that Williams was not entitled to equitable tolling because he did not carry his burden of demonstrating reasonable diligence during the period he lacked access to the library. Williams averred that he *inquired* as to the status of his library request on two occasions, but, as the government notes, he provided no evidence or allegation that he actually *told* prison officials of his impending deadline. Moreover, Williams neither alleged nor presented evidence that the prison did not allow inmates with imminent court deadlines to obtain priority access to the library. This lack of evidence is fatal to Williams's equitable tolling claim; a reasonably diligent petitioner in Williams's position would have informed officials that he needed to access the library before the limitations period expired. Williams urges us to overlook this lack of evidence of diligence because the government did not raise the issue below, but "[w]e may . . . affirm on any basis for which there is a record sufficient to permit conclusions of law." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks omitted); *see also Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 302 (2d Cir. 1996) (recognizing that we may consider an issue raised for the first time on appeal if there is no need for additional fact finding). Here, the record is sufficient to allow us to conclude as a matter of law that, even construing all the allegations and evidence in Williams's favor, he failed to raise a factual issue as to whether he was reasonably diligent. *See Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (concluding party failed to exercise due diligence as a matter of law).

Williams argues in the alternative that he was entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) because the lack of library access deprived him of his constitutional right of access to the courts under *Bounds v. Smith*, 430 U.S. 817 (1977). Williams concedes that he raises this issue for the first time on appeal, but asks that we consider it in light of, inter alia, his pro se status below. Even if we considered this new argument, we would reject it because Williams failed to present sufficient allegations or evidence of a constitutional violation. "To establish a violation [of the right of access to the courts], the inmate must demonstrate that . . . shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (internal quotation marks and alterations omitted). Williams asserts that "the prison did not provide a mechanism to give Williams access to the library in light of his impending AEDPA deadline," but this factual claim is unsubstantiated by the record below. Williams relies on the magistrate judge's observation that there was "no indication that Williams could have requested that his callout be deemed a priority." But the *lack* of evidence as to one factual claim does not constitute evidence that the opposite is true. The record was opaque as to whether the prison did or did not provide a mechanism to give priority library access to inmates with deadlines.[1] Since Williams has the burden of demonstrating the constitutional violation, the lack of evidence accrues to Williams's detriment, not the government's; without evidence that the prison did not accommodate deadlines, Williams could not have satisfied his burden of demonstrating an "impediment" under Section 2244(d)(1)(B) even if the district court had construed his equitable tolling argument as raising such a claim. We also reject Williams's Suspension Clause argument because it relies on the same unsubstantiated claim as Williams's Section 2244(d)(1)(B) argument. *Cf. Warren v. Garvin*, 219 F.3d 111, 113 n.2 (2d Cir. 2000) (rejecting argument that Suspension Clause required permitting petitioner to file untimely petition, on ground that petitioner could not show that his ability to file was "unreasonably burdened").

Finally, Williams argues that his petition was timely under 28 U.S.C. § 2244(d)(1)(D), which resets the AEDPA limitations period to "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). We agree with Williams that the district court erred to the extent it concluded that evidence in existence at the time of trial is also, as a matter of law, discoverable by reasonable diligence at the time of trial. *See, e.g.*, *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000); *cf. Williams v. Taylor*, 529 U.S. 420, 443 (2000). We affirm, however, on the alternate ground that the allegations in the letter and affidavit did not create a new "factual predicate" for Williams's claim because they were not credible. As Williams concedes, the state court found the letter and affidavit incredible. Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Williams provided no such evidence below, and therefore failed to overcome the presumption of correctness.

---

[1]The only evidence in the record as to whether the library access system gave priority to inmates with court deadlines is not favorable to Williams: the legend "[indiscernable symbol] = court deadline" appears at the bottom of the list of inmates granted access to the law library on April 7, 2009. Asterisks appear beside the names of some of the inmates on the list, but not beside Williams's name. The proceedings below never addressed this notation. When asked at oral argument if this notation suggested that the library did have a priority system, if the list indicated whether or not Williams had requested priority status, and if a clearer photocopy was available, neither party was able to provide any explanation or clarification.

We have reviewed the remainder of petitioner's arguments and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4