**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2012

Lyle W. Cayce
Clerk

No. 11-40494
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

UVALDO TORRES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1237-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Uvaldo Torres pleaded guilty to count one of a three-count indictment to conspiring to transport illegal aliens within the United States.  In the plea agreement, the Government agreed to move to dismiss the remaining counts of the indictment at sentencing but failed to do so.  The district court sentenced Torres to 34 months of imprisonment and three years of supervised release.

Torres contends that the Government breached the plea agreement by failing to request the dismissal of counts two and three of the indictment.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40494

Neither party disputes the validity of Torres's conviction for count one. Both parties request modification of the judgment to reflect the dismissal of counts two and three of the indictment.

"The Government must strictly adhere to the terms and conditions of its promises in a plea agreement." *United States v. Harper*, 643 F.3d 135, 139 (5th Cir. 2011). Whether the Government breached a plea agreement is a question of law that we typically review de novo. *Id.*

Torres did not object to the Government's breach of the plea agreement in the district court. Therefore, review is for plain error. *See United States v. Branam*, 231 F.3d 931, 933 (5th Cir. 2000). To show plain error, Torres must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

There is no indication in the record that the Government complied with its obligation in the plea agreement to move to dismiss counts two and three of the indictment at sentencing. Therefore, the Government breached the plea agreement, and the error was clear or obvious. *See Harper*, 643 F.3d at 139. Accordingly, we remand the case to the district court for modification of the judgment to reflect the dismissal of counts two and three of the indictment.

The case is REMANDED to the district court to enter a corrected judgment reflecting the dismissal of counts two and three of the indictment.