22-1683-pr
*Orlando v. Johnson, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand twenty-four.

PRESENT:   JOSÉ A. CABRANES,
                      GERARD E. LYNCH,
                      MYRNA PÉREZ,
                              *Circuit Judges.*

───────────────────────────────────

**Mark Orlando,**

          *Plaintiff-Appellant,*

                    v.                                              No. 22-1683

**Dr. Vanda Johnson, Dr. Richard Adams, Catherine Bushey-Calley, Nurse Practitioner,**

          *Defendants-Appellees,*

**New York State Department of Correction and Community Supervision,**

          *Defendant.*

───────────────────────────────────

FOR PLAINTIFF-APPELLANT:          CHARLES D. COLE, JR., Newman Myers
                                                            Kreines Harris, P.C., New York, NY

**FOR DEFENDANTS-APPELLEES:**            SEAN P. MIX, Assistant Solicitor
General (Jeffrey W. Lang, Deputy Solicitor
General, and Barbara D. Underwood,
Solicitor General, *on the brief*), *for* Letitia
James, Attorney General for the State of
New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of

New York (Mae A. D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Mark Orlando appeals the dismissal on untimeliness grounds of his 42

U.S.C. § 1983 suit alleging deliberate indifference by medical practitioners employed by the New

York State Department of Corrections and Community Supervision.[1] Because Orlando failed to

preserve his arguments as to the accrual of his claims, and the record does not support application

of equitable tolling, we affirm. We assume the parties' familiarity with the underlying facts, the

procedural history of the case, and the issues on appeal.

Orlando alleges that Defendants-Appellees prescribed non-steroidal anti-inflammatory

drugs for him despite his previous gastric bypass surgery, causing complications that led to his

hospitalization on July 27, 2016. Orlando filed a *pro se* complaint on September 1, 2019, and

Defendants moved to dismiss, arguing that the complaint was untimely because it was filed more

than three years after Orlando's claims accrued.[2] The motion was referred to Magistrate Judge

---

[1] Orlando initially proceeded on appeal *pro se*, but we appointed *pro bono* counsel to brief the accrual date of his claim. We are indebted to Mr. Cole for his excellent advocacy of Orlando's cause.

[2] "In section 1983 actions, the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions." *Pearl v. City of Long Beach*, 296

2

Christian F. Hummel. Judge Hummel determined that Orlando's claims accrued on July 27, 2016, the date of his admission to the ICU, and that equitable tolling did not apply, and accordingly recommended that Orlando's complaint be dismissed without prejudice. Judge D'Agostino adopted that recommendation.

After Orlando amended his *pro se* complaint, the district court ordered an evidentiary hearing concerning Orlando's medical condition in the ICU between July 27, 2016 and September 18, 2016, noting again that his claims accrued on July 27, 2016. Prior to the evidentiary hearing, Orlando filed another amended complaint with counsel, which Judge Hummel accepted with the consent of the government. The government later filed a letter requesting that Judge Hummel still hold an evidentiary hearing. Orlando through counsel opposed the request and asked the district court to "entertain a fully briefed motion prior to conducting an evidentiary hearing . . . [to] permit [him] the opportunity to file any appropriate documentation . . . regarding the statute of limitations issue which may obviate the need for a hearing." N.D.N.Y. Dkt. No. 19-cv-1183, Doc. No. 54. Judge Hummel denied Orlando's request and scheduled an evidentiary hearing.

After the evidentiary hearing and post-hearing briefs, which focused only on equitable tolling and during which Orlando was represented by counsel, Judge D'Agostino declined to equitably toll the limitations period, concluding that Orlando failed to show that his medical condition rose to the level of extraordinary circumstances and that, in any event, he had not

F.3d 76, 79 (2d Cir. 2002) (internal quotation marks and brackets omitted). The parties agree that the limitations period in this case, based on New York law, is three years. *See id.*

established that he diligently pursued his rights in the remaining time. *See Orlando v. Johnson*, No. 9:19-CV-1183, 2022 WL 2440037, at *4 (N.D.N.Y. July 5, 2022). This appeal followed.

## I.      Standard of Review

We review *de novo* a district court's "interpretation and application of a statute of limitations." *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). "When a district court determines that equitable tolling is inappropriate, we review the legal premises for that conclusion *de novo*, the factual bases for clear error, and the ultimate decision for abuse of discretion." *Doe v. United States*, 76 F.4th 64, 70 (2d Cir. 2023) (internal quotation marks omitted). "If a district court denies equitable tolling on the belief that the decision was compelled by law, which is to say based on the conclusion that the governing legal standards would not permit equitable tolling in the circumstances, then that aspect of the decision is reviewed *de novo*." *Id.* (internal quotation marks and brackets omitted). But "if the decision to deny tolling was premised on a factual finding, then the factual finding should be reviewed for clear error." *Id.* (internal quotation marks omitted).

## II.      Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (internal quotation marks omitted). In addition, "to secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances; he must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* (internal quotation marks and brackets omitted). As to extraordinary circumstances, the district court reasoned that Orlando had

4

not shown that his medical condition in the ICU constituted an extraordinary circumstance because he "was aware, able to communicate nonverbally, and understood and agreed to the details of his plan of care." *Orlando*, 2022 WL 2440037, at *4. In the alternative, the district court determined that, even if extraordinary circumstances had been shown, Orlando had not exercised due diligence during the remainder of the limitations period after he left the ICU. *See id.* The relevant question regarding due diligence, however, is whether Orlando diligently pursued his rights *during the period he sought to toll*, i.e., during his ICU stay. *See Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (clarifying that a party need not show due diligence during the remainder of the limitations period outside the time the party seeks to toll). Therefore, under that standard, Orlando was not required to show due diligence in the "over two years and ten months . . . after he was released from the ICU." *Orlando*, 2022 WL 2440037, at *4.

But despite this disagreement and even assuming that Orlando sufficiently demonstrated extraordinary circumstances, we affirm the district court's judgment because Orlando failed to satisfy the causation requirement for equitable tolling.[3] *See Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022) ("We may affirm on any ground with support in the record." (internal quotation marks omitted)). Because Orlando had more than two years to prepare a

---

[3] Although the district court concluded that Orlando did not demonstrate extraordinary circumstances during the time he was in the ICU, there are reasons to think otherwise. The evidence showed that, during his ICU stay, Orlando was intubated, on heavy narcotics, and at times capable only of nodding yes or no in response to questions. *See Orlando*, 2022 WL 2440037, at *2. As the district court acknowledged, "there is no doubt that [Orlando] was extremely ill—and sometimes close to death—while he was in the ICU." *Id.* at *4. Because "medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented," *Harper*, 648 F.3d at 137, the record could "allow[] for a finding that [Orlando] faced extraordinary circumstances" so long as "every inference" is drawn in his favor, *Doe*, 76 F.4th at 73 (emphasis omitted).

5

timely complaint after leaving the ICU, he did not show that the arguably extraordinary circumstances of his ICU stay "*caused* him to miss the original filing deadline." *Smalls*, 10 F.4th at 145 (emphasis added) (internal quotation marks omitted) (declining to grant equitable tolling when the extraordinary circumstance concluded five months before the close of the limitations period). Thus, we affirm the district court's conclusion that Orlando was not entitled to equitable tolling.

### III.    Accrual of the Cause of Action

In addition to raising the equitable tolling issue on appeal, Orlando requested this Court to treat September 19, 2016, when he was no longer in the ICU, as the beginning of his three-year limitations period. Given Orlando's then-*pro se* status, we liberally construed this request as raising an argument about the accrual of his claims and ordered supplemental briefing on this issue. "[A]ccrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). This concept is sometimes referred to as the "discovery rule." *See id.*; *see also Gonzalez v. Hasty*, 802 F.3d 212, 221 (2d Cir. 2015) (describing that Section 1983 claims "typically are subject to a 'discovery-based trigger'"). But "[i]t is well settled that arguments not presented to the district court are considered waived [or forfeited] and generally will not be considered for the first time on appeal." *United States v. Gomez*, 877 F.3d 76, 94–95 (2d Cir. 2017) (first alteration added and second alteration in original).

After reviewing the supplemental briefs, we agree with Defendants-Appellees that Orlando has forfeited his challenge to the accrual date. The district court determined early in the case that the accrual date was July 27, 2016, and that date remained the anchor for the limitations

6

period throughout the remainder of the proceedings, with the district court repeatedly referencing that date. Orlando never contested that accrual date during the evidentiary hearing or in the post-hearing briefs, during all of which period he was represented by counsel. In fact, Orlando agreed during the evidentiary hearing that he filed his complaint outside of the three-year limitations period. The district court was thus fully entitled to address only the issue of equitable tolling.

Moreover, because the factual issues that would be relevant to determining when Orlando should have become aware of the possibility that his symptoms resulted from the Defendants-Appellees' alleged indifference to his condition, including the period before his symptoms required his admission to the ICU on July 27, was not developed below, we lack any basis on which to conclude that it was plain error for the district court to conclude that his cause of action had accrued no later than July 27, 2016. A plaintiff cannot stand silent when the district court determines or assumes an accrual date, and then argue for the first time on appeal that the district court was incorrect. The issue is therefore forfeited, and we cannot find plain error based on the existing record. Accordingly, we decline to consider Orlando's challenge to his accrual date on appeal. *See United States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022).

\* \* \*

In sum, we conclude that Orlando's complaint is time-barred. We have considered Orlando's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7