**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WARREN DOUGLAS VANN,

    Defendant - Appellant.

No. 21-7057
(D.C. Nos. 6:17-CV-00292-RAW &
6:02-CR-00085-RAW-1)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Warren Vann seeks a certificate of appealability (COA) to appeal the district

court's denial of his motion under 28 U.S.C. § 2255 as untimely.[1] We deny his

request for a COA and dismiss his appeal.

After conducting an evidentiary hearing on the timeliness issue, the magistrate

judge issued a Findings and Recommendation that recites testimony by Mr. Vann and

his mother without in any way questioning the veracity of the testimony. The district

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because the district court denied Mr. Vann a COA, we construe his notice of appeal as a renewed COA request. {R., Vol. 1 at 334 (district court denial of COA).} Fed. R. App. P. 22(b)(2); 10th Cir. R. 22.1(A).

court adopted the findings. We therefore accept as true the testimony described by the magistrate judge and summarize that testimony and the record evidence.

In May 2003 a jury in the United States District Court for the Eastern District of Oklahoma found Mr. Vann guilty on one count of first-degree murder in Indian country, one count of use of a firearm in commission of a violent crime, one count of possession of a firearm after a felony conviction, and one count of possession of ammunition after a felony conviction. The court sentenced Mr. Vann to two consecutive terms of life in prison for the murder and use-of-firearm convictions, and two 10-year terms for the remaining convictions, the latter two terms to be served concurrently with the first life sentence. On February 16, 2005, we dismissed Mr. Vann's appeal following counsel's submission of a brief under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Vann*, 123 F. App'x 898 (10th Cir. 2005). Mr. Vann's conviction became final on May 17, 2005. *See Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022) (motions under § 2255 "must be filed within one year of the date on which the judgment of conviction becomes final. For someone who . . . does not petition this Court for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment." (citation and internal quotation marks omitted)).

A few months later, Mr. Vann's mother hired attorney Todd Hembree to file a § 2255 motion on her son's behalf. Mr. Hembree assured both Mr. Vann and his mother that he had plenty of time to file a § 2255 motion because there was no time limit on his challenge to the jurisdiction of the sentencing court. Although Mr.

Hembree routinely promised that he was working on the motion, nearly seven years passed without result. On January 23, 2012, Mr. Hembree withdrew as Mr. Vann's attorney without ever having filed a motion for relief.

On August 8, 2012, Mr. Vann, acting on advice from a fellow inmate, filed a pro se application for relief under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida, arguing that the sentencing court lacked jurisdiction because he did not commit his offenses in Indian country. On July 17, 2015, the Florida district court dismissed Mr. Vann's application because he had neither moved for relief under § 2255 nor demonstrated why a § 2255 motion was an inadequate vehicle for his claims.

Following this dismissal, Mr. Vann began requesting Oklahoma court and property records, planning once again to challenge the jurisdiction of the sentencing court but in a pro se § 2255 motion. Fellow inmates assisted Mr. Vann in this task by drafting and typing multiple requests to recordholders and legal aid practitioners. The first request was a letter to Legal Aid Services dated July 29, 2016, a year after the dismissal of the § 2241 action.

On July 28, 2017, Mr. Vann moved for relief under § 2255 and once again raised his jurisdictional argument. The district court denied Mr. Vann's motion as untimely and later denied a COA. After he sought relief from this court, we granted a COA, vacated the district court's judgment, and remanded for further proceedings to determine whether Mr. Vann was entitled to equitable tolling. The district court referred the matter to a magistrate judge and, following an evidentiary hearing and

submission of briefs, the magistrate judge recommended denial of equitable tolling and of Mr. Vann's § 2255 motion. Mr. Vann objected, disputing the magistrate judge's findings that neither Mr. Hembree's misconduct nor Mr. Vann's concurrent and subsequent diligence in pursuing review of his conviction satisfied the equitable-tolling standard. The district court adopted the magistrate judge's findings and recommendation, dismissed Mr. Vann's § 2255 motion as untimely, and denied Mr. Vann a COA.

A federal prisoner may appeal from a final order dismissing his § 2255 motion only when a COA has been issued. *See* 28 U.S.C. § 2253(c)(1)(B). We grant a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies a § 2255 motion on procedural grounds without considering the movant's constitutional arguments, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Mr. Vann argues in this court that he is entitled to equitable tolling. He contends that (1) Mr. Hembree's failure to provide competent legal advice was sufficiently egregious and (2) his own efforts to challenge his conviction as both a represented and a pro se movant were sufficiently diligent to justify tolling for the full period in question. We are not persuaded.

4

To be entitled to equitable tolling, a movant must show that (1) "some extraordinary circumstance . . . prevented timely filing" and (2) the movant "has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). But even upon a finding of such an extraordinary circumstance, we will toll the limitations period only until that impediment to timely filing is removed. *See Rudin v. Myles*, 781 F.3d 1043, 1056 (9th Cir. 2015) ("We therefore conclude that extraordinary circumstances prevented Rudin from filing her application for federal habeas relief between November 10, 2004[, when counsel was appointed to represent her in collateral-review proceedings,] and August 22, 2007[, when Rudin was first on notice that her attorney had abandoned her and not filed a postconviction petition in state court]."); *Harper v. Ercole*, 648 F.3d 132, 142 (2d Cir. 2011) (tolling limitations period from beginning to end of extraordinary circumstance—hospitalization); *Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) (the equitable tolling period "would be from the time [the prisoner's] counsel told him his state habeas petition had been filed to the time it became clear to [the prisoner] that counsel's representation was a lie"); *cf. Maples v. Thomas*, 565 U.S. 266, 283 (2012) (client cannot "be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him"); *Smalls v. Collins*, 10 F.4th 117, 146 (2d Cir. 2021) (after negligent attorney notified prisoner that she was not representing him, "a reasonably diligent person could have retained an attorney and filed suit" because extraordinary circumstance caused by attorney error ceased to apply during remaining five months of limitations period).

5

Reasonable jurists could decide that Mr. Hembree engaged in significant misconduct. And we can assume that Mr. Vann was entitled to equitable tolling during the time Mr. Hembree represented him. But tolling after Mr. Hembree's resignation on January 23, 2012, is questionable.

Mr. Vann argues that "[i]t is unreasonable . . . to put an onus on [him] to reject his attorney's advice," even after he knows that his attorney has abandoned him. Aplt. Br. at 16. But that argument has little purchase in light of the facts of this case. Both Mr. Vann and his mother testified that they were advised by three other attorneys, including trial counsel immediately following the verdict, that a one-year statute of limitations applied to the § 2255 motion. And it is clear that Mr. Vann no longer relied on Mr. Hembree's advice after his resignation. In 2011 Mr. Vann had filed a bar complaint against Mr. Hembree and in 2012, having been told by fellow inmates that the limitations period had run on any § 2255 motion he might file, Mr. Vann followed their advice and pursued a § 2241 application rather than the § 2255 motion Mr. Hembree had planned to file. Also, as a general rule, tolling ends once a prisoner proceeds pro se. *Cf. United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012) (once prisoner began acting pro se, his "ignorance of the law" ceased to "relieve him from the personal responsibility of complying with the law" (original brackets and internal quotation marks omitted)); *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013) ("The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling."); *Doe v. Menefee*, 391 F.3d 147, 177

6

(2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires . . . , such inadvertence on Doe's part cannot constitute reasonable diligence."). We further note that Mr. Vann's reliance on jailhouse lawyers after Mr. Hembree's resignation is inadequate to justify equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting the . . . petition does not relieve [the defendant] from the personal responsibility of complying with the law.").

In addition, Mr. Vann failed to show reasonable diligence following Mr. Hembree's resignation. Even if we ignore the three years from August 8, 2012 (when he filed his § 2241 application) until July 17, 2015 (when that application was denied), he did not file his § 2255 motion until July 2017, two years after the § 2241 dismissal (which informed him that the proper avenue of relief would be under § 2255). Perhaps he assumed that he needed property records to support his jurisdictional claim before he could file his § 2255 motion. But he has pointed to nothing that prevented him from beginning to seek such records in 2012, five years before he filed his § 2255 motion.

In support of his claim of diligence, Mr. Vann relies upon the Supreme Court's decision in *Holland v. Florida* and on three circuit opinions cited by *Holland*. But none of those cases involved the lack of diligence apparent here. In three of them the habeas petition was less than a year late. *See Holland*, 560 U.S. at 639, 653–54 (habeas petition was about five weeks late; remanding for consideration of equitable tolling where defendant filed a pro se § 2255 motion one day after learning that state

high court had denied postconviction relief); *United States v. Martin*, 408 F.3d 1089, 1091, 1096 (8th Cir. 2005) (habeas petition was less than five months late; defendant filed his first pro se § 2255 motion two months after learning that attorney had falsely stated that he had filed a § 2255 motion, and one month after lodging a bar complaint against his attorney); *Spitsyn v. Moore*, 345 F.3d 796, 798–99, 802 (9th Cir. 2003), as amended (Nov. 3, 2003) (habeas petition was less than nine months late; remanding on issue of equitable tolling where defendant filed pro se habeas petition five and a half months after his attorney returned the case file and abandoned his client). In *Baldayaque v. United States*, the third case cited by *Holland*, the § 2255 motion was close to three years late, but the district court found that the defendant "did everything that could have been expected of him and went to extraordinary ends to have a § 2255 motion filed on his behalf." 338 F.3d 145, 151 (2d Cir. 2003) (ellipses and internal quotation marks omitted). Yet even then the appellate court remanded for a determination of diligence. *See id.* at 153.

Reasonable jurists could not debate the district court's dismissal of Mr. Vann's § 2255 motion as untimely. We therefore **DENY** his request for a COA and dismiss this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

8